Reese, J.
delivered the opinion of the court.
This case will be found reported in Meigs’ Rep. 317, 331. It is therein stated that a question of priority as between the complainant in the original bill and the complainants in the bill in the nature of a cross bill would be reserved till the coming in of the report. That question has now been discussed; it is, whether the lien created by the fieri facias, sued out by the complainant in the original bill upon certain chattels of the debtor, shall have precedence of that supposed to have been created by the deed of trust of the complainants in the bill in the nature of a cross bill, although the latter was registered before the issuance of the fieri facias, upon the ground that the acknowledgment before the clerk upon which the registration took place was not in conformity to the provisions of the act of 1831, ch. 90, sec. 3, 3.
The second section of the act referred to requires the clerk in case of probate by witnesses to interrogate them' as to whether they are personally acquainted with the bargainor, &c. and the form of the certificate for the clerk in that section given is, that the subscribing witnesses personally appeared before him, and having first sworn, depose and say *139 that they are acquainted with the bargainor or mortgagor, &c. The third section provides “that where any person persons who have executed any of the above mentioned instruments wish to acknowledge the same, it shall be lawful for any of said clerks to receive said acknowledgments if he is personally acquainted with the person wishing to make the same, but not otherwise; in which case he shall put on said deed the following certificate: “State of Tennessee,-county. Personally appeared before me-clerk of, &c. the within named (the bargainor, obligor, &c.) with whom I am personally acquainted, and who acknowledged that he executed the within (deed, bond, &c.) for the purposes therein contained. Witness my hand, at office,” &c. And to show how material the legislature deemed the personal acquaintance of the clerk with the bargainor, &c. and have fixed their policy on that subject, the act of 1833, ch. 92, sec. 13, provides that “in all cases where any deed or other instrument of writing shall be presented to any of the clerks aforesaid for acknowledgment, and the said clerk shall not be acquainted with the bargainor or bargainors, so as to make the certificate required by the act which this is intended to amend, (the act above Referred to,) then and in all such cases it shall be the duty of said clerk to file such deed or other instrument, and note on his record of the probate of deeds the date of the presentation of such deed or other instrument, and the reason of the postponement of the acknowledgment thereof; and the party opposing the same, or interested in the acknowledgment thereof, shall and may produce witnesses before said clerk to prove the identity of the person offering to acknowledge the same, for which purpose twenty days shall be allowed the party by said clerk.”
Similar provisions are made and similar forms of certificate are given in the act of 1835, ch. 53. Such being the state of the law on this subject, we will refer to the form of the certificate upon the deed of trust from Wm. Turner to the trustee of B. and J. H. Peyton. Is is as follows: “State of Tennessee, Sumner county. The within deed of trust from William Turner to R. H. Lewis, trustee, for the use and benefit of B. and J. H. Peyton,” (here follows a description of *140 the property conveyed,) “was acknowledged by the said Turner this 10th day of July, 1837. Thomas Donoho, clerk of the county court of Sumner.”
This certificate is certainly defective in omitting to state that the clerk was acquainted with the bargainor, and perhaps in other particulars. The forms of certificate prescribed by the statutes in cases of probate and acknowledgment must be substantially complied with by the clerk to make the registration effective. But it is said that the answer of complainant to the bill in the nature of a cross bill admits the existence of the deed' of trust, and, though it seeks to postpone the claim of the Peytons to that of Peacock, it is hot on the ground of improper, registration.
We think on this question of priority the deed of trust, with its authentications, being exhibited in the bill, the objection properly arose in argument, and the court was bound to see that the deed of trust created' no lien. The decree of the chancellor on this point will be affirmed.