McBjNNEy, J.,
delivered the opinion of the court.
This was an action of replevin. It appears from the bill of exceptions, that on the 27th of October, 1850, Frances Rung, then a feme sole, and the owner of several slaves and other personal property, in contemplation of marriage with Hugh T. George, made conveyance, (in which her intended husband joined) of said slaves and property to Josiah Walton, the plaintiff below, in trust for her separate use and benefit. The marriage took place on the same day, but subsequent to the execution of the deed of settlement, to-wit, 27th of October, 1850. The deed purports to have been acknowledged and registered in Sumner county, where the parties then resided. The supposed acknowldgment of the deed was made three days after its execution, and after the marriage. The certificate is as follows:
“ State of Tennessee, Sumner County: Personally appeared before me, John L. Bugg, clerk of the county court of said county, Prances King and Hugh T. George, the bargainors, and who acknowledged that they made and executed the within marriage contract, and for the purposes therein set forth, witness my hand at office, this 30th October, 1850.
JohN L. Bugg-, GlerltP
*260 . On tbe foregoing certificate of acknowldgment, tbe deed was admitted to registration, on tbe 4th of November, 1850. On tbe 5tb of June, 1852, Benjamin S. Johnson, tbe plaintiff in error, recovered a judgment for $61 16, before a justice of Sumner county, against said Hugh T. George, upon a promissory note executed by him and others, bearing date tbe 9th of August, 1851. Execution was issued on said judgment and levied on a boy named Henry, one of tbe slaves included in tbe foregoing deed of settlement, and thereupon this action was brought by Walton tbe trustee, and tbe slave was replevied. Tbe jury found for tbe plaintiff, and a new trial having been refused, tbe defendant appealed in error to this court. On tbe trial, tbe before mentioned deed, though objected to, was admitted to go to tbe jury.
In this we think there was error. By tbe act of 1831, cb. 90, “ all marriage contracts or agreements,” are required to be acknowledged by tbe party or parties executing tbe same, or to be proved by at least two subscribing witnesses in tbe manner prescribed in that act; see § 1-3. And by tbe 5th section, marriage contracts or agreements, in which tbe wife’s property, before marriage, is settled on her or a trustee for her use, are required to be registered in tbe county where tbe husband' resides at the time of marriage; and should tbe husband move to ■ any other county in tbe State, it shall be registered in said county; and by tbe 12th section, it is declared, that all marriage" contracts, not so proved and registered, “shall be void as to existing or subsequent creditors of tbe husband or purchasers from him without notice.”
*261 The ante-nuptial settlement in the present case can have no effect, as against the husband’s creditors, on the ground that the acknowledgment of the deed, not being in conformity with the requirements of the statute, must be treated as a nullity, and this for two reasons. 1. The certificate of acknowledgment wholly omits the words, “with whom I am personally acquainted,” required by the formula prescribed in the statute, for the purpose of establishing the identity of the parties. And this omission is not remedied by either of the acts referred to. The act of 1846, ch. 7, 8, which is the only one having any bearing on the case, only cures the omission of “such word or words” as do not affect the substance of the probate as required to be stated in the certificate by the act of 1831. This omission being a matter of substance, is therefore fatal to the probate of the deed.
2. The acknowledgment was taken after the marr-o'iage, as if the female bargainor were still a feme sole. Such acknowledgment is a mere nullity. It can neither operate to give legal effect to the deed, as an acknowledgment by her, as a feme sole nor as a feme covert. It cannot have the former effect, because at the time it was made, she had not the legal capacity to do the act, her separate legal existence being suspended and merged by the marriage; nor can it have the latter effect, because all other objections aside, her privy examination was not taken.
The deed must, therefore, be regarded as an unregistered instrument, and as such by the express terms of the act of 1831, it is void as against the existing, as well as the subsequent creditors of the husband.
*262 The rule was otherwise under the construction given to the act of 1785, ch. 12, § 1, as held in the case of Baldwin vs. Baldwin, 2 Humph. R., 473, and other cases. But the law in this respect was changed by the act of 1831.
The judgment is erroneous, and will be reversed, and the case be remanded for a new trial.