McKinney, J.,
delivered the opinion of the Court.
This was an attachment bill, filed on the 4th of May, 1858. The complainants are creditors of the defendant, Mar-tain, and they seek to obtain satisfaction of their debt out of certain land and slaves conveyed by Martin to Roper. They claim this relief upon two grounds: first, that the conveyances are void as to creditors, for fraud; and secondly, that the probate and registration of said conveyances are of no effect.
It appears that both deeds were executed on the 27th of April, 1858, and on the same day were acknowledged before the Clerk of the County Court of Macon, by defendant, Martin ; and registered in the Register’s office of said county.
In each certificate of probate the words, “the within named,’’ and “with whom I am personally acquainted,” were omitted by the clerk. Afterwards, on the 8th of February, 1859, pending this suit, the clerk was procured to supply this omission, pursuant to secs. 2081, 2088 of the Code.
This omission is fatal to the probate. It is one of the most important requirements — as a protection against fraud — contained in the formula prescribed by the statute.
But it is insisted that the defect is cured. We do not think so. By the act of 1846, ch. 78, the omission of words in the certificate of probate did not vitiate, provided “the substance of the probate” required by the act of 1831 was contained in the certificate. Under this act the validity of the certificate must be judged, as it was prior to the Code.
The Code provides that the clerk, on the application of the party interested, may correct any “mistake or omission of words,” in the certificate. Sec. 2081. “And the Register shall record the correction in the proper book of his office, and *487 make a reference to the same on the margin opposite to the original registry of the certificate.” Sec. 2088.
The acknowledgment of the deeds was taken by the clerk before the Code went into operation. But it is argued, that by the proper construction of the latter seetion, the correction, Avhen made, necessarily relates to, and incorporates itself with, the original probate, so as to give it effect from its date; and that, in this view, it matters not that the probate of the deeds was prior to the operation of the Code.
We do not concur in this construction. The provision of the Code was not intended to be retrospective, or it would have been so expressed. It was designed to apply only to future eases. And even as to such cases, the question trill be found not free of difficulty, whether, as against intervening liens, the probate can be regarded as effectual beyond the date of its correction. The language of see. 2083, perhaps admits of no other fair interpretation, than to dispense with the necessity of a second registration of the deed; and not, by relation, to make the deed operative from the date of the registration upon the invalid probate. But, however this may be, it is clear that the present ease does not fall within the provisions of the Code.
The result is, that the lien of complainants attachment must prevail; and this is decisive of the case, without noticing the question of fraud.
The decree will be reversed, and a decree rendered for complainants.