McKiNNEY, J.,
delivered the opinion of the Court.
This was aln action of assumpsit, for goods, wares and merchandise sold and, delivered by the plaintiff to the de *30 fend ant. The action was- commenced by attachment, the defendant being a non-resident.
On the trial, verdict and judgment were rendered for the defendant, and an appeal in error to this Court.
The plaintiff proposed to establish the account sued on by a promise to pay the same, made by E. E. Greenlee, (the brother and agent of the defendant,) in the winter of 1858; and to show the authority of the agent to make the promise, and its obligatory force upon the defendant, the plaintiff offered to read a “power of attorney,” executed by the defendant on the 11th of December, 1858, in Burke county, North Carolina,„ constituting said E. E, Greenlee his agent and attorney in fact for various purposes, in Tennessee; and, among others, as was assumed, to adjust and pay the account sued for.
The defendant objected to the reading of the power of attorney, on the ground “that it was not properly authenticated.” This objection was sustained by the Court, to which the plaintiff excepted.
Whether or not the Court erred in this ruling depends upon the construction to be given to the provisions of the Code upon this subject, the instrument having been executed and the suit commenced since it'went into operation.
The power of attorney was acknowledged by the maker before the Clerk of the Court of Pleas and Quarter Sessions of Burke county, North Carolina, which is shown to be a Court of Record. The “authentication” of the instrument is in conformity with the requirements of the Code in all respects, (Sec. 2038 to 2046 inclusive,) except thát the Clerk’s certificate of the acknowledgement does not pursue the formula prescribed by Sec. 2042: the important *31 fact is not recited that the Clerk was “personally acquainted” with the maker.
For the plaintiff, it is insisted that this provision is applicable alone to instruments made and acknowledged in this 'State, and that it was not intended to apply to any instrument beyond the limits of this State; that it was designed to leave the latter to be acknowledged or proved according to the law of the place where made. We do not concur in this construction of the provisions of the Code. We think that the obvious purpose of its authors was to prescribe a uniform rule for the authentication of all instruments required to be registered by our laws, irrespective of whether they were made and acknowledged, or proved, within or without the limits of this State. That it was competent to the Legislature to regulate the mode and prescribe the form in which instruments executed by non-residents, affecting rights of property or of person within our jurisdiction, should be authenticated, will not be questioned, and the convenience and expediency of a uniform rule upon this subject is sufficiently apparent. Section 2042, provides that if the acknowledgement be made before a Clerk of the County Court of this State, the prescribed “certificate” shall be annexed to the instrument.
The following sections, which have reference to instruments executed beyond the limits of this State, direct how the different tribunals and persons empowered to take the acknowledgment or probate, shall respectively make “the certificate,” obviously referring to the certificate prescribed in the previous section.
Upon any other- construction we are left without any rule, so far as regards the probate and authentication of *32 foreign instruments, inasmuch as all former laws on this subject are repealed by the Code.
It follows that the power of attorney Ayas properly excluded.
Judgment affirmed.