## KELLY *v.* CALHOUN.

1. The formula prescribed by the laws of Tennessee for the acknowledgment of deeds is: " Personally appeared before me . . . the within-named bargainor, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained." *Held*, that a certificate of an officer taking the acknowledgment of the grantor in a deed of trust, in which the officer certifies that said grantor is " personally known " to him, is a compliance with the statute.

2. To be " personally acquainted with " and to " know personally " are, in such a certificate, equivalent phrases.

3. There is no statutory provision in Tennessee as to the execution or acknowledgment of deeds by a corporation. In such cases, its officer affixing its seal is the party executing the deed, within the meaning of the statutes requiring deeds to be acknowledged by the grantor.

APPEAL from the Circuit Court of the United States for the Western District of Tennessee.

The facts are stated in the opinion of the court

*Mr. S. P. Walker* for the appellants.

*Mr. Josiah Patterson, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

The appellees, Calhoun and Meyer, are the grantees in a deed of trust covering the Paducah and Memphis Railroad, which has its northern terminus at Paducah, Ky., and its southern at Memphis, Tenn. A corporation known as the Paducah and Memphis Railroad Company, and authorized to build the road, executed the deed of trust to secure the payment of certain liabilities therein described. The deed, bearing date the first day of February, 1872, was acknowledged the fifth of that month, and duly lodged for record in the proper office in Shelby County the 9th of March in the same year. The company made default in the payment of the interest on the bonds intended to be secured by the deed; and Calhoun and Meyer, the trustees, thereupon filed this bill to enforce its provisions. The Circuit Court placed the road *pendente lite* in the hands of a receiver.

After this was done, the appellants, Kelly and others, procured leave to intervene, and filed their joint petition. It sets forth the facts already stated, and that the petitioners severally

recovered judgment against the company in the first Circuit Court of Shelby County, at the following dates: on the 9th of January; on the 27th of January; on the 25th of May, and on the 13th of October, in the year 1875; and on the 26th of January, and on the 3d of June, 1876. It further alleges that the certificate of the proof and acknowledgment of the deed of trust is fatally defective, and that their judgments are, therefore, the first lien upon the premises. They pray to be permitted to levy executions, that the premises may be sold under the order of the court, that the proceeds may be applied in payment of their several judgments, and for general relief. Leave was given to them to levy, but not to sell. They levied accordingly. The deed and certificate alleged to be defective are set out in full. Calhoun and Meyer demurred. The Circuit Court held the certificate good, sustained the demurrer, and dismissed the bill.

The deed was well executed. The *testatum* clause sets forth that the company had caused its corporate seal to be affixed, and the instrument to be signed by its president and secretary, which appear on its face to have been done. The sealing and delivery were attested by two subscribing witnesses. Angell & A. on Corp., sect. 225.

The attack is confined to the certificate of acknowledgment, which, less the caption and official signatures affixed, is as follows: —

"Be it remembered, that on this fifth day of February, 1872, before me, Charles Nettleton, a commissioner, resident in the city of New York, duly commissioned and qualified by the executive authority and under the laws of the State of Tennessee to take acknowledgments of deeds, &c., to be used or recorded therein, personally appeared Ex. Norton, the president of the Paducah and Memphis Railroad Company, and Henry L. Jones, the secretary of said company, who are personally known to me to be such; and who, being by me duly sworn, did depose and say that he, the said Ex. Norton, resided in the city, county, and State of New York; that he, the said Henry L. Jones, resided in Paducah, in the State of Kentucky; that he, the said Norton, was president of the said Paducah and Memphis Railroad Company; that he, the said Jones, was secretary of the said company; that they knew the corporate

seal of said company; that the seal affixed to the foregoing instrument, purporting to be the corporate seal of said company, was such corporate seal; that it was affixed thereto by order of the board of directors of said company, and that they signed their names thereto by the like order, as the president and secretary of said company, respectively; and the said Ex. Norton and Henry L. Jones also acknowledged to me that they executed said instrument as their act and deed, and the act and deed of said company, for the uses and purposes therein mentioned. And, at the same time and place, before me, also personally appeared Philo C. Calhoun and L. H. Meyer, also parties to the foregoing instrument, with each of whom I am personally acquainted, who severally acknowledged that they executed the within instrument for the purposes therein mentioned."

The law of Tennessee requires deeds for the conveyance of lands, " in what manner or form soever drawn," to be " acknowledged by the maker, or proved by two subscribing witnesses, at least." Code, sects. 2005–2038. Where the instrument is acknowledged, the prescribed formula, omitting the caption, is, " Personally appeared before me, clerk (or deputy-clerk) of the county court of said county, the within-named bargainor, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained." Sect. 2042. If the acknowledgment be taken without the State, by one of the officers designated in sect. 2043, the same formula must be followed. *Bone* v. *Greenlee*, 1 Coldw. (Tenn.) 29; *Mullins* v. *Aikens*, 2 Heisk. (Tenn.) 535.

There is no statutory provision in Tennessee as to the execution or acknowledgment of deeds by corporations. In such cases, the officer affixing the seal is the party executing the deed, within the meaning of the statutes requiring deeds to be acknowledged by the grantor. *Lovett* v. *The Steam Saw-Mill Association*, 6 Paige (N. Y.), 54. In the formula we have quoted, both the phrases " personally appeared " and "with whom I am personally acquainted " are found. It has been held by the Supreme Court of the State that the latter means more than the former, and that personal knowledge is indispensable. But it has been also held that a substantial compli-

ance with the statute is all that is required. *Johnson* v. *Walton*, 1 Sneed (Tenn.), 258; *Fall et al.* v. *Roper*, 3 Head (Tenn.), 485; see also *Farquharson* v. *McDonald*, 2 Heisk. (Tenn.) 404. And such is the rule laid down by this court. *Carpenter* v. *Dexter*, 8 Wall. 513. The certificate here in question sets forth: "Before me," &c., "personally appeared Ex. Norton, the president of the Paducah and Memphis Railroad Co., and Henry L. Jones, the secretary of the same company, who are personally known to me to be such, and," &c. To be "personally acquainted with" and to "know personally" are equivalent phrases. Upon looking into the paragraph just quoted, two points are found to be salient. It is certified, 1, that the parties named appeared in person; 2, that they were personally known to the commissioner to be the incumbents of the offices specified. He might have known them to be the latter, by information derived from various sources, without personal knowledge upon the subject. Such knowledge is independent, and complete in itself. It might exist with or without other information. Personal knowledge to the extent certified necessarily included the personal identity of the officers, as well as the incumbency of their offices. A defect of such knowledge as to either point would be inconsistent with the language used, and falsify the certificate. It can hardly be doubted that the paragraph was meant to cover both points. It is a reasonable and necessary construction to give it that effect. Indeed, it involves no straining to hold that the phrase "personally known to me to be such" applies *proprio vigore* to those named, alike individually and officially; in other words, that the certifier meant that he personally knew them to be such individuals and such officers. The certificate was evidently drawn with studied deliberation. It seems to have been intended to meet the requirements of the law both as to proof of execution and acknowledgment without proof. In the latter aspect we hold the certificate to be sufficient. In the former, we have, therefore, no occasion to consider it.

Instruments like this should be construed, if it can be reasonably done, *ut res magis valeat quam pereat.* It should be the aim of courts, in cases like this, to preserve and not to destroy. Sir Matthew Hale said they should be astute to find

means to make acts effectual, according to the honest intent of the parties.  *Roe* v. *Tranmar*, Willes, 682.

The second proposition relied upon by the counsel for the appellees relates to the filing of their bill and the *lis pendens* before the judgments of the intervenors were recovered.  The conclusion at which we have arrived as to the certificate renders it unnecessary to consider this subject.  Otherwise, it would require grave consideration.

*Decree affirmed.*

MR. JUSTICE HARLAN did not sit in this case.