Mr. Justice Bingham
delivered the opinion of the Court:
This is a bill to enforce the specific performance of a contract for the purchase of certain real estate in the District of Columbia, exhibited by the complainants, who were the vendors.
On or about February 22, 1865, Israel Dille and his wife, Sophronia, acquired the property as joint tenants in fee simple, by conveyance of that elate, and by their deed of June 13, 1867, conveyed the same to E. R Tuller and his heirs, in trust:
1. For the use, benefit and behoof of the grantors, the said Israel and Sophronia, during their joint lives; 2, on the death of either of said grantors, for the use and benefit of the survivor as a life estate; and 3, upon the decease of both, for the complainants, Mrs. Black and Mrs. Wotring (both nee Dille), their heirs and assigns.
Sophronia survived her husband, and both were dead at the time of the sale by the complainants to the defendant, Aman.
At the date of the deed to Tuller, and of the execution thereof, and at the time of her death, Sophronia had no children or descendants.
The complainants, Mrs. Black and Mrs. Wotring, are the only children of Israel Dille, by a former marriage, and they are the same persons mentioned in the deed of con *136 veyance from their father and his wife, Sophronia, to Tuller, and through that conveyance they claim, title.
The said Israel Dille left no other children surviving him, and he had no other children or descendants at the date of the deed to Tuller.
The property was sold to the defendant on the assurance and condition that the complainants had a good title.
The defense is, that the complainants had not, at the time of sale, and have not now, a good title to said lot, because of the defective acknowledgment of the deed from Mr. and Mrs. Dille to Tuller, trustee, and which is the only objection made by the defendant to complainants’ title to the property.
The deed of Dille and wife to Tuller is signed and sealed by the grantors in the presence of Seth Hillman and N. Callan.
The certificate of acknowledgment and authentication attached to this deed is as follows:
“District or Columbia, \
Washington City. j s'
“ Before me, a notary public, in and for said District, personally appeared Israel Dille, and Sophronia, his wife, and acknowledged that they severally signed and sealed the foregoing deed for the uses and purposes therein specified, she, the. said Sophronia, being by me examined separate and apart from her husband, acknowledged that she signed and sealed the same for the uses and purposes aforesaid and doth now acknowledge the same. Witness, etc.
“13th day of June, 1867. N. Callan,
“[notarial seal] Notary Public.”
Sections 442, 450 and 451, R. S. D. C., providing for the acknowledgment of a deed including one of this character are as follows:
“Sec. 442. The officer taking an acknowledgment shall *137 annex to the deed a certificate, under his hand and seal, to the following effect:
“ County (or city, etc.), to wit:
“I, A. B., a justice of the peace (or other prescribed officer, giving his title), in and for the county (or city, or parish, or district) aforesaid, in the State (or Territory, or District, of-), do hereby certify that C. D., a party (or C. D. and E. F., etc., parties) to a certain deed, bearing date on the - day of -, and hereto annexed, personally appeared before me in the county (or city, etc.), aforesaid, the said C. D. (or C. D. and E. F., etc.), being personally well known to me as (or proved by the oaths of creditable witnesses before me to be) the person (or persons) who executed the said deed, and acknowledged the same to be his (her or their) act and deed. ■ Given under my hand and seal this-day of-.
“A. B. [seal]”
“Sec. 450. When any married woman shall be a party executing a deed for the conveyance of real estate or interest therein, and shall only be relinguishing her right of dower, or when she shall be a party with ■ her husband to any deed, it shall be the duty of the officer authorized to take acknowledgments, before whom she may appear, to examine her privily and apart from her husband, and to explain to her the deed fully.
“Sec. 451. If, upon such privy examination and explanation, she shall acknowledge the deed to be her act and deed, and shall declare that she had willingly signed, sealed and delivered the same, and that she wished not to retract it, the officer shall certify such examination, acknowledgment and declaration by a certificate annexed to the deed, and under his hand and seal, to the following effect:
“County (or city, etc.), to wit:
“I, A. B., a justice of the peace (or other.prescribed officer, giving title), in the county (or city, et¿.), aforesaid, in the *138 State (or Territory, etc.), of-, do hereby certify that C. D., the wife of E..F., party to a certain deed, bearing date on the-day of-, and hereunto annexed, personally appeared before me in the county (or city, etc.), aforesaid, the said C. D., being well known to me as (or proved by the oaths of credible witnesses before me to be) the person who executed the said deed, and being by me examined privily and apart from her husband, and having the deed aforesaid fully explained to hes, she, the said E. F., acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed and delivered the same, and that she wished not to retract it. Given under my hand and seal the-day of-.
“A. B. [seal]”
Complainants claim that the certificate to the deed in 'question is substantially the same as the form prescribed by Congress. If it be clearly so, there can be no doubt of its sufficiency. A substantial, not a literal, compliance is required. Carpenter vs. Dexter, 75 U. S.; 8 Wall., 526; Kelly vs. Calhoun, 95 U. S., 713; Deery vs. Cray, 72 U. S.; 5 Wall., 795; Dundas vs. Hitchcock, 53 U. S.; 12 How., 269.
But the defendant claims that the acknowledgment in controversy is defective, in that it does not state: 1, where Israel and Sophronia appeared; 2, that they were parties grantor in the deed; 3, that they were personally known to bo such; 4, that the wife was examined privily; 5, that the deed was explained to the wife; 6, that the wife declared that she had willingly signed, sealed and delivered the deed, and that she wished not to retract it.
After a careful comparison of the certificate to the Tuller deed, with the form prescribed by statute, we are inclined seriously to doubt whether it can be correctly inferred, from any language used in the former, that Israel and Sophronia Dille were known personally or by proof to be the grantors in the deed; that the deed was fully explained *139 to Sophronia upon her separate examination, or, that she then “ declared that she had willingly signed, sealed and delivered the same, and that she wished not to retract it.”
The cases cited by complainants' counsel were generally in ejectment where the parties in interest were before the Court, and when the adjudication would set at rest all questions as to the title. In such a case the Court may safely resolve the doubt in favor of the validity of the title, if, in its judgment, it should be so decided. But the rule is different when a vendor seeks specific performance of a contract for the sale of realty. Courts of equity will not compel an unwilling vendee to take a doubtful title. In this case the heirs of Sophronia Dille W'ho would be entitled to this property (if the deed to Tuller should be adjudged insufficient) are not parties and would not be affected by our decree.

We think it may fairly be said that the title of the defendant, were we to enter a decree for specific performance, would, under the circumstances, be doubtful; and we are, therefore, constrained to dismiss the bill, imth costs.