OWEN *v*. STATE.

(*Nashville.*   March 3, 1891.)

1. CRIMINAL LAW.   *Wife not competent witness for husband on trial for crime.*

The wife is not a competent witness for or against her husband in a criminal case.

2. SAME.   *Erroneous charge as to reasonable doubt.*

Charge of Court in a criminal case is erroneous, which, in effect, instructs the jury to convict the defendant, if they are *satisfied* of his guilt, without instructing them that the degree of satisfaction required is "certainty beyond reasonable doubt."

3. SAME.   *How the doctrine of reasonable doubt should be charged.*

The familiar and well-understood language in which the doctrine of reasonable doubt has been repeatedly expressed by this Court should not be departed from by Judges in charging juries.

Cases cited: Lawless *v*. State, 4 Lea, 180–182; Railroad *v*. Gower, 85 Tenn., 473, 474.

(See McDonald *v*. State, *ante, p. 161.*)

---

FROM ROBERTSON.

---

Appeal in error from Circuit Court of Robertson County.   A. H. MUNFORD, J.

JOEL B. FORT and S. A. WILSON for Owen.

Owen *v.* State.

Attorney-general PICKLE and L. T. COBB for State.

SNODGRASS, J. The appeal in error is from a conviction and sentence of fourteen years in the penitentiary for incest.

Errors assigned relate to rejection of defendant's wife as a witness in his favor, and to the charge of the Court.

There was no error in excluding the wife on objection. At common law she could not be a witness for her husband in such case, and we have no statute changing the rule.

The Circuit Judge charged that "the law presumes every defendant to be innocent until his guilt is established beyond a reasonable doubt by proof. In other words, when the State prefers a charge against a citizen, before he can be convicted the burden is upon the State to show by proof to your satisfaction the material elements of the offense charged. If the proof in this case *satisfies* you that at any time previous to the finding of the indictment the defendant, James O. Owen, had carnal knowledge of Mattie Randolph—that is, had sexual intercourse with her—in Robertson County, and that at the time she was the daughter of his wife, the defendant is guilty, and you should convict him; if not, then you should acquit him."

This charge is erroneous. It is not sufficient to say that if the proof shows guilt "to your satisfaction," or "if the proof satisfies you of

defendant's guilt," you must convict. There are degrees of satisfaction, and that which the law requires is "satisfaction beyond a reasonable doubt."

It has been often said by this Court that this well-understood phrase should not be departed from, but if it is, then the full equivalent of the term must be used. In one case it is intimated that "*fully* satisfied" might be equivalent, or a charge that the facts must be "fully proved" might fairly imply, the same character of proof, and in the absence of special request for further instruction, a charge in these forms of "*fully* satisfied" or "fully proved" might be good. *Lawless* v. *The State*, 4 Lea, 180–182.

But even this is doubtingly suggested, and Courts admonished to adhere to the ancient and "well-understood" phrase. *Ibid.*, 179, 180.

The preceding general statement quoted from the charge to the effect that "every defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt by proof" does not do away with the imperfection of the charge in reference to how far the jury must be satisfied.

In this case, after making such statement, the Judge explains what he means by it by saying: "In other words, * * * the burden is on the State to show by proof to your satisfaction," and that "if the proof in this case satisfies you, * * * you should convict."

These were stated as definitions of his meaning, or equivalents; and, as such, limited his statement

to their effect, and thereby made it erroneous. *Railroad Company* v. *Gower*, 1 Pickle, 473, 474.

It was proper to explain what was meant by them, and the explanation must be correct, or it is of course vitally misleading. It should have been not that the proof "must satisfy you," but that it "must satisfy you *beyond a reasonable doubt.*"

This is peculiarly a case in which such instruction should have been clear and accurate. Several witnesses had testified to the fact of the intercourse between defendant and Mattie Randolph. These professed to have stood together in another building thirty or forty feet away and looked through a small aperture in the wall of the building in which they were, and through an open window of the room in which defendant and Mattie Randolph were alleged to be, and to have thus seen the intercourse between them.

The defendant and the girl testified positively that it did not occur. The girl was but nineteen years of age. She swore that neither the defendant nor any one else then or ever had sexual intercourse with her, and offered to submit her person to the examination of physicians in the presence of her mother, to verify the truth of her assertion on this point. This offer was not accepted. The defendant did not ask or the Court make any ruling upon it, and the examination was not made. In the absence of any knowledge, therefore, which such examination might have developed of physical facts sustaining or overturning the

theory of either party, State or defendant, the case stood upon the opposing testimony and probabilities. The defendant's chance of escape if he were innocent—and of course there was a possibility of innocence—depended upon the most careful and searching consideration of the whole facts and surroundings developed in the evidence, weighed under a charge giving him the full benefit of the law. There were five members of his wife's family— the girl upon whom the offense was alleged to have been committed, a younger girl unmarried, a son, and a married daughter and her husband— the latter, however, living away from their mother's home, but visiting it often.

Every one of them testified to the effect that defendant had acted only as a father to these girls, and that no improper relations had ever been observed between them. It also appeared that they were well-behaved, nice, modest girls, and that defendant was a man of good character. Evidence was introduced too tending to show that defendant was not at home on the twenty-sixth of July, when the State witnesses saw, or thought they saw, the first improprieties in his actions toward the girl, or of hers toward him; for in this instance they testify that she undressed him while drunk, and handled his person improperly, making no statement that he did any thing to her.

In view of all these facts, and the possibility of a great and irreparable mistake involving the ruin of this entire family, and the life of this man—for

Owen *v.* State.

the fourteen years is equivalent to a life sentence—it is the duty of the Court to see that the strictest rules of law be enforced to secure an unobjectionable trial. If upon such his guilt is established to the exclusion of reasonable doubt, then no punishment the law imposes would be more than adequate, for the crime charged is the basest of which human nature is capable. But so long as that question—the one of guilt—remains to be settled, no feeling of abhorrence respecting the crime should obscure the judgment or abate the vigilance of the Court to see that he has the fullest and fairest trial and chance to establish his innocence under the law, which in its best strictness is in its best purity.

For the error indicated in the charge, the judgment must be reversed and the case remanded for a new trial.