NEWTON FINANCE CORPORATION *v.* FRANK CONNER *et al.*

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

CHARLES A. NOONE and CARLTON WRIGHT, for plaintiff in error.

THOMPSON & BALLARD, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is an action in replevin, instituted before a justice of the peace and carried to the Circuit Court of Hamilton County by the defendant's appeal. Judgment was rendered for the defendant in the circuit court and the plaintiff was granted an appeal in error to the Court of Appeals. The record indicating that the case was tried in the circuit court upon an agreed stipulation of facts, the case was transferred by the Court of Appeals to this court.

The defendant in error has moved to dismiss the appeal in this court because the assignments of error were not filed within the time required, and because the appeal bond and bill of exceptions were not filed within the time granted by order of the circuit court.

■ The assignments of error were not filed within the time required by the Court of Appeals, but no point thereon was made until after the case was transferred to this court. The assignments were filed within the time required by the rules of this court, and the point made by the defendant in error is, therefore, not well taken.

The motion to dismiss the appeal on the ground that the appeal bond and bill of exceptions were not filed within the time granted by the trial court is based upon the following facts, which appear on the record.

The circuit court rendered judgment for the defendant on the merits of the case on October 18, 1929. The plaintiff's motion for a new trial was overruled on October 28, 1929, and on that day the plaintiff was granted an appeal in the nature of a writ of error to the Court of Appeals, and an order was entered allowing the plaintiff

thirty days within which to prepare and file its bill of exceptions "and otherwise perfect the appeal." The appeal bond and bill of exceptions were not filed within thirty days from this day; but within the thirty-day period, on November 2, 1929, the plaintiff entered a motion in arrest of judgment, and this motion was overruled on November 18, 1929. The order overruling the motion in arrest of judgment granted the plaintiff an appeal to the Court of Appeals, and again granted plaintiff thirty days within which to file an appeal bond and bill of exceptions. On December 9, 1929, an additional thirty-day period was granted, within which to file the bill of exceptions, making a total of sixty days for the filing of that instrument. The appeal bond was filed within thirty days of the date on which the second order granting an appeal was entered, and a bill of exceptions was filed within the sixty-day period so granted.

The circuit court was authorized to grant the plaintiff sixty days from the adjournment of the trial term within which to file its bill of exceptions. Acts 1917, chapter 49. The time allowed by the circuit court for the filing of the bill of exceptions in this case did not exceed that authorized by the statute, and the bill of exceptions was properly made a part of the record.

The appeal bond was filed within the thirty-day period allowed in the second order granting an appeal, made on the date the plaintiff's motion in arrest of judgment was overruled, but was not filed within the time allowed in the first order granting an appeal, which had been entered before the motion in arrest of judgment was filed.

The question presented by this confusion of orders is ruled by the cases of *Feldman* v. *Clark,* 153 Tenn., 373;

*Wright* v. *Dorman,* 155 Tenn., 189; and *England* v. *Young,* 155 Tenn., 506.

*Wright* v. *Dorman* and *England* v. *Young* hold that the granting of an appeal, which is not followed by the filing of an appeal bond or the oath provided by law for poor persons, is not effective to transfer a case from the trial court to an appellate court.

In *Feldman* v. *Clark* this court referred to the case of *Railroad* v. *Ray,* 124 Tenn., 16, as construing the Acts of 1885, chapter 65, ''to mean that, if motions for a new trial, motions in arrest, etc., were entered within thirty days, they might be disposed of at the convenience of the court and an appeal allowed within thirty days after such disposition.''

From these holdings it seems to us that the order granting an appeal on October 28, 1929, not having been followed by the filing of an appeal bond within the time allowed, should be treated as having been abandoned; and that the appeal was properly granted and perfected under the order entered upon the disposition of the plaintiff's motion in arrest of judgment.

The parties are creditors of one C. E. McKinney. The defendant, a judgment creditor, caused an execution to be levied on the automobile in suit, as the property of the debtor. The plaintiff replevied the automobile under the authority of a chattel mortgage executed to him by the debtor. The defendant resists the asserted priority of the mortgage lien on the ground that its registration was void and ineffective, because of a substantial defect in the certificate of acknowledgment. The sufficiency of this certificate is the determinative question in the case. The trial judge held it bad, and this holding is the basis of the only assignment of error.

It is contended that the certificate is defective in its certification of the identity of the person making the acknowledgment as the mortgagor named therein. The certificate recites: "personally appeared C. E. McKinney, who, I am satisfied is the grantor in the within chattel mortgage named."

 The form of certificate of acknowledgment, essential to a valid registration of the instrument, is prescribed by statute and is not left to the discretion of the probating officer. Section 2042 of the Code of 1858 (Shannon's Code, section 3717) requires that the certificate shall identify the person making the acknowledgment by the words: "Personally appeared, . . . the within named bargainor, with whom I am personally acquainted."

An alternate form of this certificate is prescribed by Acts 1919, chapter 48. The form for the certificate given in section 1 of that Act contains the words: "Personally appeared ———, to me known to be the person (or persons) described in and who executed the foregoing instrument."

 Failure of the certificate of acknowledgment on the mortgage here involved to substantially conform to one of the two prescribed forms, in the recitation intended to establish the identity of the mortgagor, would invalidate the registration of the mortgage as against the defendant, a judgment creditor. *Jefferson County Bank* v. *Hale,* 152 Tenn., 648, 653, and cases there cited.

 "If the substance of the authentication required by law is in the clerk's certificate, the unintentional omission of the prescribed words shall not make the authentication invalid." *Davis* v. *Bogle,* 58 Tenn. (11 Heisk.),

315, 317. Code of 1858, sec. 2080; Shannon's Code, sec. 3757.

The question for decision is, therefore, whether the certificate of the probating officer that he was "satisfied" that the person making the acknowledgment was the mortgagor named in the mortgage is equivalent in substance to the required certificate that he (the certifying officer) was personally acquainted with the mortgagor, or that the person who appeared before him was known to him to be the named mortgagor.

The General Assembly has deemed it necessary in two statutes to prescribe permissible forms for certificates authenticating instruments for registration. Courts should be slow in approving substituted language as equivalent in substance; and such approval should be withheld unless the substantial conformity with the legislative certificate is clear and free from doubt. Otherwise the legislative mandate will be defeated. The certificate of the identity of the person making the acknowledgment with the grantor "is one of the most important requirements, as a protection against fraud, contained in the formula prescribed by statute." *Figuers* v. *Fly,* 137 Tenn., 358, 370.

For an officer to say: "I am personally acquainted" with another, or "I know him," is a far more positive statement of identity than is ordinarily imported by the words: "I am satisfied that he is the man." In criminal cases it is held error to instruct a jury to convict if the evidence "satisfies" the minds of the jurors of the fact of guilt, the court saying: "There are degrees of satisfaction, and that which the law requires is 'satisfaction beyond a reasonable doubt.'" *Owen* v. *State,* 89 Tenn., 698; quoted in *Frazier* v. *State,* 117 Tenn., 430, 457. In

so holding the court must have conceived that one may be "satisfied" of a fact upon information or evidence short of knowledge. And so, it is not improbable that an officer would be willing to certify that he is satisfied of the identity of a supposed grantor appearing before him, upon less convincing and less direct evidence of the fact than he would require in order to certify that he knows the person making the acknowledgment to be the grantor. The law requires the latter certificate and is not satisfied with the former.

This distinction is recognized in a statute of New York which provides: "An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument." Of this statute the Supreme Court, Appellate Division (N. Y.), said: "It is not necessary that the officer 'knows' the person whose acknowledgment he takes. The statute says it is sufficient if the officer 'has satisfactory evidence' that the person is the one described in and who executed the paper. What shall be 'satisfactory evidence' is not specified, but must be such as to satisfy the conscience of the officer." *Schum* v. *Burchard,* 206 N. Y. Supp., 574, 575.

In *Shephard* v. *Carriel,* 19 Ill., 313, 319, an acknowledgment, in the words of the certificate here involved, was questioned, and in holding it insufficient under the statute of Illinois, the Supreme Court of that State said: "He does not certify that the person executing the power of attorney is personally known to him as the real person in whose name it is executed. 'I am satisfied,' are not equivalent words." To the same general effect is the holding in *Kimball* v. *Semple et al.,* 25 Cal., 440, 446.

In *Culberton* v. *Witbeck*, 127 U. S., 326, 32 L. Ed., 143, and *Rogers* v. *Pell*, 47 App. Div., 240, 62 N. Y. Supp., 92, similar acknowledgments were sustained; but neither case considered the certificate in relation to a statute which required that it be certified that the person making the acknowledgment was "known" to the probating officer as the grantor. In the first of the two cases the controlling statute does not appear; and in the second case, the statute, without giving a form for the certificate, authorized the acknowledgment to be taken by an officer who "shall know or have satisfactory evidence that the person making such acknowledgment is the individual described," etc. The cases are not in point, because our statutes do not contain the alternative between knowledge and satisfactory evidence, as in the New York statute.

It is unnecessary that we determine herein the quantum of evidence of identity which an officer should require in order to certify that the person appearing before him and making the acknowledgment is to him "known to be the person described," etc. This was apparently a question of difficulty in *Figuers* v. *Fly*, 137 Tenn., 358, under the statute requiring the certificate of personal acquaintance. We hold here only that a certificate that the officer is "satisfied" of the identity of the acknowledgor is not equivalent to the required certificate that such person is "known" to him to be the grantor of the instrument; and *a fortiori*, not equivalent to a certificate that he is personally acquainted "with such person," which latter phrase means that he "personally knows" him. *Kelly* v. *Calhoun*, 95 U. S., 710, 24 L. Ed., 544.

The judgment of the trial court, holding the acknowledgment insufficient and the registration ineffective, is affirmed.