**In the Matter of VIKING COMPANY, INC., et al., Bankrupts.**

**In re MOUNTAIN VENTURE DEVELOP-MENT CORPORATION et al., Bankrupts.**

**Nos. 10911, 10959.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 22, 1974.

W. Carr Hagan, Jr., Kingsport, Tenn., for Viking Co., Inc.

Scott N. Brown, Jr., Chattanooga, Tenn., for Mountain Venture Development Corp.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a review of the order of October 18, 1973 of a bankruptcy judge concerning the respective priority rights of Associates Capital, Inc. (Associates), an admitted mortgage holder, and five asserted furnishers' and materialmen's claimants, to a portion of a fund realized from the sale of real property belonging to the bankruptcy estates. 11 U.S.C. § 67. Such rights are determinable on the basis of whether such asserted lien-claimants perfected and preserved their materialmen's or furnisher's respective liens as provided by the respectively applicable Tennessee statutes.

None of the appealing asserted lienors registered its or his contract but undertook to preserve the virtue of their respective liens against subsequent purchasers and encumbrancers in the manner provided for by T.C.A. § 64–1112. That statute provides:

* * * In order to preserve the virtue of the lien, as concerns subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract [as provided for in T.C.A. § 64–1111], is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lie, a sworn statement similar to that set forth in § 64–1117, and pay the fees; the register to file, note and record the same, all as in said section stipulated. Such filing for record is required to be done within ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated, or he is discharged, prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration. * * *

T.C.A. § 64–1117 provides:

* * * Such lien shall have precedence over all other subsequent liens or conveyances during such time; provided, a sworn statement of the amount due and/or approximating that to accrue for such * * * materials, and a reasonably certain description of the premises, shall be filed, within said first mentioned period of ninety (90) days, with the county register, who shall note the same for registration and put it on record in the lien book in his office, for which he shall be entitled to the sums specified in § 8–2138, which sums shall be paid by the party filing the same; but said fees shall be receipted for on the statement of account, and shall be a part of the indebtedness or charge secured by the lien, and this registration shall be notice to all persons of the existence of such lien. * * *

■ " * * * It cannot be doubted that the claim of a lien must be *acknowledged* in compliance with the statute, otherwise it is ineffective for any purpose. * * * " Chattanooga Lbr. v. Phillips (1957), 202 Tenn. 266, 274(3), 304 S.W.2d 82, 85. Against the holder of a deed of trust on the property in-

volved, the complainant must have complied with the statute as to recordation and acknowledgment of its claim. *Ibid.*, 202 Tenn. at 276(7), 304 S.W.2d 82. " * * * A lienor * * *, in order to effectuate, preserve and enforce his lien upon the owner's property must do something more than appear before a Notary Public and swear the claim is true 'to the best of his knowledge, information and belief' and that he has a furnisher's lien upon the property. This notice to the owner, and contractor is *an instrument* that must be registered and authenticated as provided in 64–2201, T.C.A., supra. * * * " *Ibid.*, 202 Tenn. at 276–277(8), 304 S.W.2d at 87.

■ The method and forms of authentication for purposes of registration of instruments is codified in T.C.A., title 64, ch. 22. The methods of authentication are set forth, as follows:

* * * To authenticate an instrument for registration, its execution shall be acknowledged by the maker, or proved by two (2) subscribing witnesses, at least. * * *

T.C.A. § 64–2201. The form of a certificate of acknowledgment, which is essential to a valid registration of an instrument, is prescribed, and is not left to the discretion of the officer taking the acknowledgment. Newton Finance Corp. v. Conner (1930), 161 Tenn. 441, 447(4), 33 S.W.2d 95, 72 A.L.R. 1286. It is provided:

* * * If the acknowledgment be made before a * * * notary public * * *, such officer shall write upon or annex to the instrument the following certificate, in which he shall set forth his official capacity:

State of Tennessee,
County of ———

Personally appeared before me, (name of clerk or deputy) clerk (or deputy clerk) of the county court of said county, (bargainor's name), the within named bargainor, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained. Witness my hand, at office, this —— day of ———, 19——.

Or, in the alternative, the following certificate, in case of natural persons acting in their own right:

State of Tennessee,
County of ———

On this —— day of ———, 19——, before me personally appeared ———, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

Or, in case of natural persons acting by attorney:

State of Tennessee,
County of ———

On this —— day of ———, 19——, before me personally appeared ———, to me known to be the person who executed the foregoing instrument in behalf of ——— and acknowledged that he executed the same as the free act and deed of said ———. * * *

T.C.A. § 64–2207. Where a corporation is authenticating an instrument, it is provided:

* * * The authentication or acknowledgment for record of a[n] * * * instrument in writing executed by a corporation, whether it has a seal or not, shall be good and sufficient, when made in substantially the following form:

State of ———, County of ———.

Before me, ——— of the state and county aforesaid, personally appeared ———, with whom I am personally acquainted, and who, upon oath, acknowledged himself to be the president (or other officer authorized to execute the instrument) of the ———, the within named bargainor, a corporation, and that he as such ———, being authorized so to do, executed the foregoing instru-

ment for the purpose therein contained, by signing the name of the corporation by himself as _____.

Witness my hand and seal, at office in _____, this __ day of _____.

Or, alternatively as follows:

State of _____, County of _____.

On this __ day of _____, 19__, before me appeared A. B., to me personally known, who, being by me duly sworn (or affirmed) did say that he is the president (or other officer or agent of the corporation or association), and that the seal affixed to said instrument is the corporate seal of said corporation (or association), by authority of its Board of Directors (or Trustees) and said A. B. acknowledged said instrument to be the free act and deed of said corporation (or association).

(In case the corporation or association has no corporate seal omit the words "the seal affixed to said instrument is the corporate seal of said corporation or association and that," and add at the end of the affidavit clause, the words "and that said corporation (or association) has no corporate seal"). (In all cases add signature and title of officer taking the acknowledgment.) * * *

T.C.A. § 64–2208.

In order to register notice of a furnisher's lien so as to entitle such lienholder to priority over subsequent purchasers or encumbrancers for value, the lien holder is required, not only to acknowledge its notice of lien in compliance with T.C.A. § 64–2201 et seq., but must, in addition, have verified the lien notice by a sworn statement of the amount due as required by T.C.A. §§ 64–1112, 64–1117. Pulaski Lumber Company, Inc. v. Harpeth South, Inc., (Tenn., 1973), 501 S.W.2d 275, 279 [2]. In the authentication of a corporate asserted lien, the certificate of acknowledgment is not substantially in the statutory form where the words, " * * * with whom I am personally acquainted * * * ", or the words, " * * * to

me personally known * * * ", or like words showing personal acquaintance of the officer taking the acknowledgment with the person executing the instrument, are omitted. In Re Englewood Mfg. Co., D.C.Tenn. (1939), 28 F.Supp. 653. The registration of a document upon a defective certificate of acknowledgment does not serve as notice under the registration laws. Pennington v. Webb-Hammock Coal Co. (1944), 182 Tenn. 33, 36(1), 184 S.W.2d 47.

The decision of the Tennessee Court of Appeals, Eastern Section, in Southern Blow Pipe & Roofing Co. v. Grubb, C.A. Tenn. (1953), 36 Tenn.App. 641, 260 S. W.2d 191, certiorari denied (1953), appears to hold that a notice of a furnisher's lien to the owner of premises which are described in a reasonably certain manner, includes a sworn statement of the amount due for such materials, and is signed and sworn to before a notary public, is sufficient compliance with T. C.A. § 64–1117. To the extent that such decision may also hold that a lienholder complies with the statutory mandate of T.C.A. § 64–2207, when the officer taking the acknowledgment does not follow the form of that statute, this Court declines to follow that authority. There is a long line of cases holding that the certificate of the officer taking an acknowledgment under T.C.A. § 64–2207 must show that such officer is acquainted, or personally acquainted, with the bargainor making the acknowledgment, and that, without such a showing, the certificate of acknowledgment is a nullity, as is the registration of the instrument. Peacock v. Tompkins (1839), 20 Tenn. 135; Garnett v. Stockton (1846), 26 Tenn. 84; Johnson v. Walton (1853), 33 Tenn. 258; Brogan v. Salvage (1858), 37 Tenn. 689; Fall v. Roper (1859), 40 Tenn. 485; Bone v. Greenlee (1860), 41 Tenn. 29; Harrison v. Wade (1866), 43 Tenn. 505; Mullins v. Akin (1870), 49 Tenn. 535; Turbeville v. Gibson (1871), 52 Tenn. 565; Henderson v. McGhee (1871), 53 Tenn. 55; Davis v. Bogle (1872), 58 Tenn. 315; Kelly v. Calhoun (1878), Tenn., 95 U.S. 710, 24

L.Ed. 544; Henderson v. Ish (1879), 3 Shannon's Cases 84; Bell v. Lyle (1882), 78 Tenn. 44; Figuers v. Fly (1916), 137 Tenn. 358, 370, 193 S.W. 117, 120. As was stated in Chattanooga Lbr. v. Phillips, *supra:*

\* \* \* \* \* \*

The Legislature must have known the significance and meaning of *"acknowledgment of an instrument."* In Figuers v. Fly [*supra*], 137 Tenn. 358, 370, 193 S.W. 117, 120, it is held:

> " 'Personally acquainted with' in such a certificate means a knowledge independent and complete in itself, and existing without other information. Kelly v. Calhoun [*supra*], 95 U.S. 710, 713, 24 L.Ed. 544.

> "The phrase imports more than a slight or superficial knowledge. 1 Corp.Juris. 904, and cases cited.

> "It is one of the most important requirements—as a protection against fraud—contained in the for-

> " 'It is one of the most important Fall v. Roper [*supra*], 40 Tenn. 3 Head., 485. And see Willingham v. Potter, 131 Tenn. 18, 173 S.W. 434."

Also in Peacock v. Tompkins [*supra*], 1839, 20 Tenn. 135, the Court holds that probate of a deed under the Code is fatally defective and "insufficient to authorize its registration, if the certificate of the officer taking it omit to state that the clerk was acquainted with the bargainor."

202 Tenn. at 275–276, 304 S.W.2d at 86.

■ Under these rules and mandatory procedures, the bankruptcy judge was correct in ordering that the respective claims of the appealing petitioners were not entitled to priority over the deed of trust held by Associates. Claim no. 50 of the petitioner Malone Brothers Quarry, Inc. was defective, in that such notice of lien was not verified by a sworn statement of the amount due as required by T.C.A. § 64–1117. Claim no. 26 of the petitioner Mr. Samuel Joseph Loven, doing business as Loven Ready-Mix, was defective, in that Mr. Loven did not acknowledge his lien instrument. Chatta-

nooga Lbr. v. Phillips, *supra.* Claims nos. 23 of the petitioner Tennessee Armature and Electric Company, 24 of the petitioner Greeneville Machine and Iron Works, Inc., and 25 of the petitioner Greeneville Lumber Company, Inc., each, was deficient, in that the purported acknowledgments of each of those corporate instruments failed to include the mandatory language in either form set forth at T.C.A. § 64–2208.

For such reasons, an order is being entered contemporaneously herewith approving and affirming the order of October 18, 1973 of the bankruptcy judge.