In re Lawrence Dennis GRABLE, individually, formerly d/b/a Speedway Auto Sales and L. and D. Rental, Brenda Haskett Grable, Debtors.

William L. LANCASTER, III, Trustee in Bankruptcy, Plaintiff,

v.

J. Robert BOATRIGHT, Trustee, Lester E. Haskett, et ux. Edna Haskett, Defendants.

Bankruptcy No. 3–80–00505.
Adv. Proc. No. 3–80–0501.

United States Bankruptcy Court,
E. D. Tennessee.

Dec. 29, 1980.

17. 28 U.S.C § 1475.

Robert B. Carter, Johnson City, Tenn., for plaintiff.

Edwin B. Charles, Johnson City, Tenn., for defendants Lester E. Haskett and Edna Haskett.

J. Robert Boatright, Kingsport, Tenn., for defendant J. Robert Boatright, Trustee.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

On December 21, 1979, the debtors, Dennis Grable and Brenda H. Grable, executed a trust deed to J. Robert Boatright as trustee to secure an indebtedness owing to Lester E. Hackett and wife in the amount of $4,000.00. The instrument was acknowledged before a notary public and recorded on January 25, 1980. The acknowledgment reads as follows:

"STATE OF TENNESSEE   )
COUNTY OF WASHINGTON   ) s.s.

Personally appeared before me Carole Price a notary public for said County and State, Tennessee—Washington County the within named bargainor, with whom I am personally acquainted, and who acknowledged that *they* executed the within instrument for the purposes therein contained.

Witness my hand and official seal, at office in Fall Branch, Tennessee, this 25 day of January 1980.

           s/ Carole Price
           Notary Public
My commission expires:
7–28–80"

On April 25, 1980, the Grables filed a petition in bankruptcy with this court and on September 11, 1980, plaintiff, the trustee in bankruptcy, filed a complaint initiating this adversary proceeding. The plaintiff asserts that the acknowledgment on the trust deed is fatally defective in failing to properly identify the bargainors. Alternatively, the plaintiff initially maintained that the recording of the trust deed on January 25, 1980, constituted a preference voidable by virtue of 11 U.S.C. § 547(b).[1] The defendants assert that the acknowledgment is not fatally defective since the error was an inadvertent one which can be cured by reading the body of the deed along with the acknowledgment. Further, the defendants assert that the transfer occurred more than 90 days before the filing of the petition in bankruptcy; hence, it is not subject to attack by the trustee as a preference.

### II

To aid in the prevention of fraud, any instrument presented for recordation must have been authenticated either by the maker's acknowledgment or by two subscribing witnesses. T.C.A. § 64–2201.[2] When acknowledgment is chosen as the method of authentication, T.C.A. § 64–2202 provides that the acknowledgment may be made be-

---

1. "(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
    (i) was an insider; and

    (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
    (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b).

2. "Methods of authentication.—To authenticate an instrument for registration, its execution shall be acknowledged by the maker, or

fore a notary public of some county of the state.[3]

Little discretion is left to the notary public as to the form of the acknowledgment. *In re Viking Co.*, 389 F.Supp. 1230 (D.C.E. D.Tenn.1974). The form of the certificate of acknowledgment is prescribed for a notary public by the Tennessee Code:

"If the acknowledgment be made before a . . . notary public, . . . such officer shall write upon or annex to the instrument the following certificate, in which he shall set forth his official capacity:

State of Tennessee, }
County of ____ }

Personally appeared before me, (name of clerk or deputy) clerk (or deputy clerk) of the county court of said county, (bargainor's name), the within named bargainor, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained. Witness my hand, at office, this ____ day of ____ 19__.

Or, in the alternative, the following certificate, in case of natural persons acting in their own right:

State of Tennessee, }
County of ____ }

On this ____ day of ____, 19__, before me personally appeared ____, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

Or, in case of natural persons acting by attorney:

State of Tennessee, }
County of ____ }

On this ____ day of ____, 19__, before me personally appeared ____, to me known to be the person who executed the foregoing instrument in behalf of

____ and acknowledged that he executed the same as the free act and deed of said ____."
T.C.A. § 64-2207.

The Tennessee courts have often held instruments invalid because a portion of an acknowledgment was omitted or an inadvertent error was made. Since early in the last century the Tennessee Supreme Court has held that the acknowledgment statute must be substantially complied with in order to make the registration and recordation of an instrument effective. *Peacock v. Tompkins*, 20 Tenn. 135 (1839).

■ The certificate of acknowledgment appearing in the present trust deed substantially complies with the statutory form except for the notary's error in filling in the name of the grantors. This defect may be cured, however, if the certificate of acknowledgment is read in conjunction with the trust deed. In *Willingham v. Potter*, 131 Tenn. 18, 173 S.W. 434 (1915), the acknowledgor was not identified as the "within named bargainor." The court held that by looking at the whole instrument with the certificate it was apparent that the acknowledgor was the bargainor. See also *Manis v. Farmers Bank of Sullivan County*, 170 Tenn. 656, 98 S.W.2d 313 (1936).

"If the substance of the authentication required by law is in the clerk's certificate, the unintentional omission of the prescribed words shall not make the authentication invalid." *Davis v. Bogle*, 58 Tenn. 315, 317 (1872), quoted with approval, *Newton Finance Corporation v. Conner*, 161 Tenn. 441, 33 S.W.2d 95 (1930).

Cases similar to the present situation have occurred when the name of the bargainor is omitted entirely. Although Tennessee courts apparently have not been confronted with such a situation to date, the decisions of other courts are instructive. Instruments have been held valid even

---

proved by two (2) subscribing witnesses, at least." T.C.A. § 64–2201.

**3.** "Persons authorized to take acknowledgments within state.—If the person executing

the instrument resides or is within the state, the acknowledgment shall be made before . . . a notary public of some county in this state." T.C.A. § 64-2202.

when the acknowledgor's name has been omitted, if the acknowledgor's name can be discovered from other sources. *Gardner v. Incorporated City of McAlester*, 198 Okl. 547, 179 P.2d 894 (1946); *Deace v. Stribling*, 142 S.W.2d 564 (Tex.Civ.App.1940); See generally Annot. 25 A.L.R.2d 1124 (1952).

The South Carolina Supreme Court in *Seale Motor Company v. Stone*, 218 S.C. 373, 62 S.E.2d 824, 25 A.L.R.2d 1118 (1950), dealt with a certificate of acknowledgment in which the words "Perry, Ky." were inserted in the blank where the acknowledgor's name was to appear. The court referred to the "liberal, majority rule" that the omission of the grantor's name may be disregarded unless the identity of the acknowledgor is uncertain. The inadequacy of the certificate was "manifest" according to the court. *Id.* at 25 A.L.R.2d 1121. It must be noted, however, that the acknowledgment in *Stone* is distinguishable from the present acknowledgment in that the former in no way identifies the acknowledgor, while the latter certificate identifies the acknowledgor as the "within named bargainor." [4]

Following the directive of the Tennessee Supreme Court in *Willingham v. Potter*, 131 Tenn. 18, 173 S.W. 434 (1915), the certificate of acknowledgment will be read in conjunction with the trust deed. As a result, this court concludes the certificate of acknowledgment is not fatally defective. The certificate clearly states that the "within named bargainor(s)" were personal acquaintances of the notary. In addition, the bargainors appeared before the notary and acknowledged the execution of the trust deed.

Plaintiff's alternative ground for relief was a preference under 11 U.S.C. § 547(b). At the pre-trial hearing, the trustee conceded that the transfer occurred *91*

days before the filing of the bankruptcy petition. Thus, no relief can be granted on this ground.

## CONCLUSION

The certificate of acknowledgment in the trust deed substantially complies with the statutory form. Although the name of the acknowledgor is omitted, when the acknowledgment is read the conjunction with the trust deed, it becomes clear that the debtors acknowledged the instrument.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**4.** The acknowledgment in *Seale Motor Company v. Stone*, 218 S.C. 373, 62 S.E.2d 824 (1950), is as follows:

"State of Kentucky,
County of Perry:
I, Carl M. Seale, D.C. in and for the county and state aforesaid certify there came before me in said County and State Perry, Ky, who produced

the foregoing contract and acknowledged same to be his act and deed in due form of law. Witness my hand this 20 day of January, 1949.
    Prentiss Baker, Clerk, P.C.
    By: Carl M. Seale, D.C. (Signed)
    Notary Public, Perry County, Kentucky
    My commission expires. . . . . . . . ."