Deadejrick, J.,
delivered the opinion of the Court.'
The only material question in this case arises upon the sufficiency of the clerk’s certificate of acknowledgment of the execution of the deed of trust.
In 1865, W. L. C. Wohlford executed to J. C. M. Bogle, as trustee, a deed for a house and lot, to secure Norwood, Walker and others certain debts due them from him. Bogle, Walker and Norwood also signed the deed.
The execution of the deed was acknowledged the same day it bears date, and the following is a copy of the certificate' of acknowledgment;
“ State of Tennessee, J Blount County, j
Personally appeared before me, Clerk of the County Court, W. L. Wohlford, W. A. Walker, Charles C. Norwood and J. C. M. Bogle, with all of whom I am acquainted, and acknowledged the above signatures to be theirs, placed there for the purposes herein specified. Witness my hand at office, this 28th of July, 1865. Thos. Sanderson, clerk.”
Complainant obtained a judgment- against Wohlford and filed his bill, seeking to have satisfaction thereof out of the house and lot conveyed in trust, upon the ground that the said trust deed was improperly admitted to registration because of the defective certificate of acknowledgment.
In the cases referred to by complainant to sustain his proposition, we find the words “ personally acquainted” altogether omitted, and no words of equivalent signification substituted. Such omission, for ob *317 vious reasons, was properly held to be a fatal defect. 1 Hum., 139; 3 Head, 486; 1 Col., 29.
If the substance of the authentication required by law is in the clerk’s certificate, the unintentional omission of the prescribed words shall not make the authentication invalid. Code, section 2080.
For an acknowledgment before the clerk, the substance of the certificate is, that the party executing the instrument appeared before the clerk, and that he, the clerk, was personally acquainted with him, and that he acknowledged that he executed the instrument. Code, section 2042.
We are of opinion that the certificate in this ease states substantially all that is required to make it valid. The clerk certified that Wohlford, Walker, Norwood and Bogle personally appeared before him, and that he was acquainted with all of them. It is true, he does not say in words that he was “personally” acquainted, yet he does in substance say that he is acquainted with them personally, when he names them severally, and adds, “with all of whom I am acquainted.” . The certificate then proceeds, “and acknowledged the above signatures to be theirs, placed there for the purposes herein specified.”
This certificate is placed upon the deed itself — it refers to the signatures as theirs, which is a substantial acknowledgment of the execution of the instrument, especially when taken with the words, “placed there for the purposes herein specified.” The word “specified” is substituted for the word “contained,” and quite as comprehensively and accurately expresses the *318 idea designed to be conveyed, as the word used in the statute.
We are of opinion, therefore, that the Chancellor erred in giving the relief prayed for in the bill, and reverse his decree and dismiss the bill with costs.