IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

February 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

IN RE:                              )
                                    )    FOR PUBLICATION
HARRY CLARK MARSH and               )
TRUDI JANETTE MARSH,                )
                                    )    FILED: February 7, 2000
        Debtors,                    )
_____   )
                                    )    CERTIFIED QUESTION OF LAW
SUSAN R. LIMOR, TRUSTEE,            )    FROM THE UNITED STATES
                                    )    BANKRUPTCY COURT, MIDDLE
        Petitioner/Plaintiff,       )    DISTRICT OF TENNESSEE
                                    )    (No. 398-04816-KL3-7)
v.                                  )
                                    )
FLEET MORTGAGE GROUP and            )    NO. M1999-02578-SC-R23-CQ
BANK UNITED,                        )
                                    )
        Respondents/Defendants.     )


For Petitioner/Plaintiff:_____        For Respondents/Defendants:

SUSAN R. LIMOR                           MICHAEL GIGANDET
Nashville, TN                            Nashville, TN


OPINION


                                                    BIRCH, J.

I

Pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee,[1] this Court accepted certification of the following question from the United States Bankruptcy Court for the Middle District of Tennessee:

> Whether the omission of the official notary seal in the acknowledgment on a Tennessee deed of trust as required by Tennessee Code Annotated § 66-22-110, renders the instrument "null and void as to . . . subsequent creditors . . . or bona fide purchasers . . . without notice" as provided in Tennessee Code Annotated § 66-26-103.

After careful consideration, we conclude that the official seal of the acknowledging notary public must be affixed to a deed of trust if that instrument is to constitute notice to subsequent creditors or bona fide purchasers. Because the deed of trust before us did not bear the official notary seal, it does not constitute notice to subsequent creditors and bona fide purchasers without notice.

---

[1]The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

On May 27, 1988, Harry Clark Marsh and Trudi Janette Marsh, the debtors, executed a deed of trust on property located in Robertson County. The original lender-beneficiary of the deed of trust was Dominion Bankshares Mortgage Corporation. Dominion assigned the deed of trust and its related promissory note to defendant Fleet Mortgage Group. The deed of trust and promissory note are serviced by defendant Bank United. The notary public attested to the execution of the deed of trust, but he failed to affix his official seal.[2] The deed was subsequently recorded without a seal in the office of the Register of Deeds of Robertson County.

On May 18, 1998, Harry and Trudi Marsh filed for Chapter 7 bankruptcy, and Susan R. Limor was appointed trustee. The Marshes surrendered the property shortly thereafter, and they vacated the mortgaged premises pursuant to their Statement of Intention.

On September 4, 1998, Limor filed an Adversary Complaint in the United States Bankruptcy Court under 11 U.S.C. § 544 against Fleet Mortgage and Bank United seeking to avoid the lien on the debtor's real property on the basis that an official notary seal was missing from the acknowledgment of the deed of trust. Limor and each defendant filed motions for summary judgment. In addressing the cross-motions for summary judgment, the United States Bankruptcy Court, on February 24, 1999, entered an order

---

[2]Neither party contests the authenticity of the documents, the signatures of the debtors, or the authority of the notary.

certifying the above question to this Court.  As stated, we accepted the certified question of law.


III


Limor contends that because the deed of trust lacked an official notary seal, the acknowledgment is invalid under Tenn. Code Ann. § 66-22-110.  She insists, therefore, that the instrument is null and void under Tenn. Code Ann. § 66-26-103 as to subsequent creditors or bona fide purchasers without notice.  On the other hand, Fleet Mortgage and Bank United contend that an official notary seal is not necessary for valid acknowledgment.  The legal effect of a deed of trust upon which the notary seal has not been affixed is an issue of first impression in Tennessee.


In Tennessee, a deed of trust is a writing eligible for registration.  Tenn. Code Ann. § 66-24-101(8) (Supp. 1999).[3]  To give full legal effect to the registration of a deed of trust, the instrument must first be acknowledged.  See Howard v. United States, 566 S.W.2d 521, 527 (Tenn. 1978); Haynes v. State, 213 Tenn. 447, 450, 374 S.W.2d 394, 395 (1964).[4]  Acknowledgment serves to authenticate the instrument for valid registration.  In re Spears, 39 B.R. 91, 96 (Bankr. E.D. Tenn. 1984).  "To authenticate an instrument for registration, its execution shall be acknowledged

---

[3]**Writing eligible for registration.--**(a)  The following writings may be registered:
.  .  .
 (8) All mortgages and deeds of trust of either real or personal property.

[4]See also In re Anderson, 30 B.R. 995, 1002 (M.D. Tenn. 1983) ("[W]here the conditions precedent to recording--*such as a proper acknowledgment*--have not been met, the instrument was 'not entitled to registration although it was spread on the books of the register's office.'") (emphasis in original and citations omitted).

4

by the maker . . . or proved by two (2) subscribing witnesses." Tenn. Code Ann. § 66-22-101 (1993). If the individual executing the instrument resides in Tennessee, the acknowledgment may be made before a notary public. Tenn. Code Ann. § 66-22-102 (1993).[5] An acknowledgment taken before a notary public must be made under the notary's "seal of office." Tenn. Code Ann. § 66-22-110 (1993).[6]

Our analysis begins with the language of the pertinent statute. Tennessee Code Annotated § 66-22-110 requires that "[a]ll acknowledgments shall be under the seal of office of the officer taking same." Tenn. Code Ann. § 66-22-110 (1993). In addition, Tenn. Code Ann. § 8-16-302 authorizes a notary public "to administer oaths, to take depositions, to qualify parties to bills in chancery and to take affidavits." In "all such cases the notary public's seal shall be affixed." Tenn. Code Ann. § 8-16-302 (1993).

When a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction, and courts are not at liberty to depart from the words of the statute. Hawks v. City of Westmoreland, 960 S.W.2d 10, 16 (Tenn. 1997). Moreover, if "the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say sic lex scripta, and obey it.'" Id. (quoting Miller v. Childress, 21 Tenn. (2 Hum.) 320, 321-22

_____

[5] **Persons authorized to take acknowledgments within state**.--If the person executing the instrument resides or is within the state, the acknowledgment shall be made before the county clerk, or legally appointed deputy county clerk, or clerk and master of chancery court of some county in the state or before a notary public of some county in this state.

[6] **Acknowledgments under seal.--**All acknowledgments shall be under the seal of office of the officer taking same.

(1841)).  Therefore, "[i]f the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction."  Henry v. White, 194 Tenn. 192, 198, 250 S.W.2d 70,72 (1952).

Reading Tenn. Code Ann. §§ 8-16-302 and 66-22-110 in pari materia, it appears that every act a notary is statutorily empowered to perform requires the affixation of the notary's official seal.  Therefore, under Tenn. Code Ann. § 66-22-110, an instrument which does not bear a notary's seal is not properly acknowledged.

This conclusion is supported by reference to the purpose of an acknowledgment, the role of the notary, and the reason for requiring the notary's official seal.  An acknowledgment, as required by Tenn. Code Ann. § 66-22-101, serves to authenticate an instrument for registration.  The acknowledgment "authenticates the due execution of a document and is the formal statement of the person signing the document that his [or her] signature was freely done."  D. T. McCall & Sons v. Seagraves, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990).  Moreover, the acknowledgment aids in ensuring that the instrument was not fraudulently executed.  In re Grable, 8 B.R. 363, 364 (Bankr. E.D. Tenn. 1980).

A notary public is one of the individuals statutorily empowered to take oaths and acknowledgments. Tenn. Code Ann. § 66-22-102 (1993).  A notary is a public official of the state of

6

Tennessee,[7] elected by the county legislature,[8] and commissioned by the governor. Tenn. Code Ann. § 8-16-102 (1993). When discharging his or her duties, a notary public does so under oath that he or she "will, without favor or partiality, honestly, faithfully, and diligently discharge the duties of notary public." Tenn. Code Ann. § 8-16-105 (1993). The acts of a notary public are thus presumed to be performed correctly. Manis, 98 S.W.2d at 314 (citing Caruthers v. Harbert, 45 Tenn. (5 Cold.) 362, 367 (1868)).

When certifying an act, a notary must affix his or her official seal. Tenn. Code Ann. § 8-16-301 (1993); Tenn. Code Ann. § 66-22-110 (1993). The affixation of the notary's seal provides prima facie proof of a notary's official character or, simply stated, that the notary is a notary.

The acknowledgment of a deed of trust before a notary and the affixation of a notary's seal authenticates the instrument. "In layman's terms, a notary public's certificate means a great deal more than the 'Good Housekeeping Seal of Approval.'" Beazley v. Turgeon, 772 S.W.2d 53, 59 (Tenn. Ct. App. 1989). When a notary takes an acknowledgment it "says to the world that the execution of the instrument was carried out according to law." Id.; see Figures v. Fly, 137 Tenn. 358, 370, 193 S.W. 117, 120 (1917) ("The function[] of a notary public [is] not to be lightly assumed[.] A [notary's] certificate of acknowledgment is an act which must in the nature of things be relied on with confidence by [persons] of business.").

_____

[7] See Krueger v. Miller, 489 F. Supp. 321, 328 (E.D. Tenn. 1977); see also Manis v. Farmers Bank of Sullivan County, 170 Tenn. 656, 659-60, 98 S.W.2d 313, 314 (1936)(citation omitted).

[8] Tenn. Code Ann. § 8-16-101 (1993).

7

A creditor or purchaser who examines a deed of trust should be able to assume that if it contains an acknowledgment to which a notary's seal is affixed, then it has been properly authenticated and is valid, that is, free from apparent forgery or fraud. This is a legitimate assumption given the purpose of an acknowledgment, the role of a notary, and the purpose of the notary's seal. Without a notary's seal, however, the creditor or purchaser may be unsure as to the validity of the instrument.

A legally registered deed of trust places subsequent creditors and purchasers on constructive notice. Tenn. Code Ann. § 66-26-101 (1993);[9] Tenn. Code Ann. § 66-26-102 (1993);[10] see also Blevins v. Johnson County, 746 S.W.2d 678, 684 (Tenn. 1988) (quoting Moore v. Cole, 200 Tenn. 43, 51-52, 289 S.W.2d 695, 698 (1956)). In order for an instrument to be legally registered, it must bear evidence of proper acknowledgment. See In re Anderson, 30 B.R. at 1001 - 1002. If, however, the deed of trust was improperly acknowledged, and therefore not legally registered, it is only effective between the "parties to the same, and their heirs and representatives." Tenn. Code Ann. § 66-26-101 (1993). Moreover, a deed of trust "not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn. Code. Ann. § 66-26-103 (1993).

---

[9]**Effect of instruments with or without registration.--**All of the instruments mentioned in § 66-24-101 shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided.

[10]**Notice to all the world.--**All of such instruments so registered shall be notice to all the world from the time they are noted for registration, as prescribed in § 8-13-108; and shall take effect from such time.

Therefore, a deed of trust which is improperly acknowledged because it lacks an official notary's seal is not legally registered and is null and void as to subsequent creditors or bona fide purchasers without notice under Tenn. Code Ann. § 66-26-103.

Fleet Mortgage and Bank United suggest that even though the deed of trust in question does not bear a notary's seal, the instrument is in compliance with all other statutory requirements for the acknowledgment of a registerable instrument. Because the acknowledgment substantially complies with the statutory requirements, they insist that the deed of trust is properly acknowledged and thus legally registered.

Tennessee courts have found that when an acknowledgment varies from the statutory form in one respect, but is in compliance with all other statutory requirements, the acknowledgment has substantially complied with the acknowledgment statutes. In re Anderson, 30 B.R. at 1001-02; Hughes v. Powers, 99 Tenn. 480, 485, 42 S.W. 1,2 (1897); Davis v. Bogle, 58 Tenn. 315, 316-17 (1872). These cases, however, generally involve a defect in language. Specifically, the language used in the acknowledgment differed from the language required by the statute, or words required by the statute were omitted. Nonetheless, the language used was found to be equivalent to the statutory language or it was determined that the omission of a statutory word or phrase did not substantively affect the acknowledgment. Hughes, 42 S.W. at 2; Davis, 58 Tenn. at 316-17.

The defect in the acknowledgment here is more substantial than the simple omission of statutory language or the use of a

9

different, yet equivalent, word. Tennessee Code Annotated § 66-22-110 is clear--a seal is statutorily required for proper acknowledgment. Moreover, this is not a case where another word or phrase could have been substituted as the substantive equivalent to the language required by statute. A seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis. Finally, given the purpose of a notary seal, its omission from a deed of trust is fatal to the proper acknowledgment of an instrument.

IV

We answer the question certified by the United States Bankruptcy Court for the Middle District of Tennessee as follows:

> The omission of an official notary seal in the acknowledgment on a Tennessee deed of trust, as required by Tennessee Code Annotated § 66-22-110, renders the instrument "null and void as to . . . subsequent creditors . . . or bona fide purchasers . . . without notice" as provided in Tennessee Code Annotated § 66-26-103.

The clerk will transmit this opinion in accordance with Rule 23, § 8 of the Rules of the Supreme Court. The costs in this Court will be taxed to the petitioner, Susan R. Limor.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J
Drowota, Holder, Barker, JJ.

10