In re Harry Clark **MARSH** and Trudi Janette Marsh, Debtors.

Susan R. Limor, Trustee, Plaintiff,

v.

Fleet Mortgage Group and Bank United, Defendants.

Bankruptcy No. 398–04816.
Adversary No. 398–0339A.

United States Bankruptcy Court, M.D. Tennessee.

Feb. 28, 2000.

Thomas C. Nance, Nashville, TN, Counsel for Debtors.

Susan R. Limor, Trustee, Nashville, TN, Pro se.

Michael Gigandet, John Cobb Rochford, Ortale, Kelley, Herbert & Crawford, Nashville, TN, Cynthia Asbury, Wilson & Associates, P.L.L.C., Nashville, TN, Counsel for Fleet Mortgage Group and Bank United, Defendants.

## MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

Based on the answer to the question certified to the Tennessee Supreme Court, the trustee is entitled to summary judgment in this avoidance action against the holder of a deed of trust that contains a defective acknowledgment.

The issue is whether omission of the official notary seal in the acknowledgment on a Tennessee deed of trust subjects the instrument to avoidance by a trustee in bankruptcy pursuant to 11 U.S.C. § 544(a). The parties filed cross-motions for summary judgment. Finding no controlling Tennessee authority, this court certified to the Supreme Court of Tennessee the following question:

> Whether the omission of the official notary seal in the acknowledgment on a Tennessee deed of trust as required by Tennessee Code Annotated § 66–22–110, renders the instrument 'null and void as to … subsequent creditors … or bona fide purchasers … without notice' as provided in Tennessee Code Annotated § 66–26–103.

The Tennessee Supreme Court accepted certification of the question. On February 7, 2000, the Supreme Court issued its decision, holding:

> The omission of an official notary seal in the acknowledgment on a Tennessee deed of trust, as required by Tennessee Code Annotated § 66–22–110, renders the instrument 'null and void as to …

subsequent creditors … or bona fide purchasers … without notice' as provided in Tennessee Code Annotated § 66–26–103.

*Limor v. Fleet Mortgage Group (In re Marsh),* 12 S.W.3d 449 (Tenn. 2000). The court explained that the complete absence of the seal is different from inaccurate or omitted words that might be found in substantial compliance with the prescribed statutory language for an acknowledgment. "A seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis.... [G]iven the purpose of a notary seal, its omission from a deed of trust is fatal to the proper acknowledgment." *Id.* at 10.

In this light, this court returns to the parties' cross-motions for summary judgment. There are no disputed facts. On May 27, 1988, the debtors mortgaged their Springfield, Tennessee, real property to Dominion Bankshares Mortgage Corporation. The deed of trust and note were assigned to defendant Fleet Mortgage Group, and are serviced by defendant Bank United. Execution of the deed of trust was acknowledged on its face by a notary public, but no official notary seal was affixed to the acknowledgment. The deed of trust was properly recorded. No party questions the authenticity of the documents, the signatures of the debtors, or the authority of the notary who signed the acknowledgment.

The Tennessee Supreme Court's resolution of the certified question entitles the trustee to summary judgment. The omitted seal renders the deed of trust null and void as to the trustee clothed with the powers of a judicial lien creditor without notice under 11 U.S.C. § 544(a). Substantial compliance with other aspects of Tennessee law with respect to acknowledgments does not cure the missing notary seal. The defendants offer no other defense to the trustee's action.

**538**

Accordingly, summary judgment is GRANTED to the trustee and DENIED as to the defendants.