# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
September 8, 2000 Session

## PHILIP PELTZ v. SARAH V. PELTZ, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 22868     Russ Heldman, Judge**

---

### No. M1999-02299-COA-R3-CV - Filed October 18, 2000

---

The issue on appeal is whether a notary was negligent when she attached her certificate to a forged signature on a deed. The Chancery Court of Williamson County held that she was not. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and HOLLY K. LILLARD, JJ., joined.

Alfred H. Knight and A. Russell Willis, Nashville, Tennessee, for the appellant, Philip Peltz.

Cyrus L. Booker and Charlnette A. Richard, Nashville, Tennessee, for the appellees, Todd Hanson and NationsBank of Tennessee.

## OPINION

### I.

The plaintiff, Philip Peltz, and his wife were tenants in common with Mrs. Peltz's parents in a forty-eight acre tract of land in Williamson County. In 1985, Mrs. Peltz and her brother went to the Brentwood office of NationsBank where they sought out a bank employee who was also a notary public. They presented themselves as husband and wife who wished to sign a deed conveying their interest in the forty-eight acres to Mrs. Peltz's parents. Mrs. Peltz testified that it was her brother's idea to forge Mr. Peltz's signature. Mrs. Peltz and her brother produced the deed, signed it, and obtained the following notary's certificate:

> PERSONALLY appeared before me, the undersigned, a Notary Public in and for said County and State, the within named Philip Peltz and wife Sarah V. Peltz, the bargainors, with whom I am personally acquainted, and who acknowledged that they executed the within instrument for the purposes therein contained.

The deed was recorded by Mrs. Peltz's parents, and they later conveyed part of the property to third parties.

Mr. Peltz discovered the chicanery in 1994, when he and Mrs. Peltz were going through a divorce in California. He sued to set aside the fraudulent deed and to partition the remainder of the property. This court ruled in his favor, and he, Mrs. Peltz, and her parents entered into a settlement of their differences. The terms of the settlement were not disclosed in this case.

Mr. Peltz sued the notary and the bank as her employer for negligently notarizing a forged signature. The proof showed that both Mrs. Peltz and her brother were strangers to the notary. The notary testified that she did not specifically remember the transaction but that her practice was to require strangers to produce some identification to show that their signatures were genuine. The most common form of identification she required was a driver's license with a photograph, and to the best of her knowledge that is the practice she followed in this case. She did not have a book in which she noted the transaction, and she was not certain that she kept a book in 1985.

Mrs. Peltz was the only other witness who was present at the transaction. She testified that she may have had a Tennessee driver's license when she appeared at the bank and that the notary checked her identification. She said her brother told the notary that he was Philip Peltz but that he had forgotten his wallet.

The court granted the notary's Tenn. R. Civ. Proc. 41.02 motion to dismiss at the close of the plaintiff's proof. The court's order contains the following finding:

> From the testimony of the parties and witnesses in open court and a review of the exhibits, this Court found that Sarah Peltz was not a credible witness, and that her testimony, including her testimony regarding the events of July 23, 1985, should be given no weight, and that Defendant Hanson was a credible witness, but that she had no recollection of the events of July 23, 1985. As such, this Court found that there was insufficient evidence to support any finding that Defendant Hanson failed to take such actions as a reasonably prudent person would take prior to notarizing the deed in question as required to place liability on Defendants Hanson or NationsBank.

## II.

A notary public is held to the standard of a reasonably prudent person to ascertain an acknowledger's identity, but the notary is not an insurer of the truth of the recitals. *Figuers v. Fly*, 193 S.W. 117 (Tenn. 1916).[1] A notary is a public officer, and a presumption arises that notaries

---

[1] Tenn. Code Ann. § 66-22-106(c) contains a test to determine when a clerk or deputy clerk has satisfactory evidence that the person signing an instrument is really the person whose signature is used. The court in *Figuers v. Fly* decided to pass over the question of whether this section also applied to notaries public, because in the court's opinion
(continued...)

perform their public duties correctly. *In Re Marsh*, 12 S.W.3d 449 (Tenn. 2000); *Manis v. Farmers Bank of Sullivan County*, 98 S.W.2d 313 (Tenn. 1936).

In *Figuers v. Fly*, 193 S.W. 117 (Tenn. 1916), the notary took an acknowledgment of a forged signature on the strength of two witnesses who said the imposter was the person whose signature he put on the deed. The notary knew the two witnesses and considered them to be of good standing. But the court thought that these other circumstances should have put the notary on guard: the fact that the notary was not well acquainted with either of the three persons and that they made repeated visits to him for notary services when he lived in an inconvenient place and notary services could have been obtained in their own neighborhood. The court concluded that the notary did not exercise due care in failing to ascertain the identity of the imposter.

In *Lowe v. Wright,* 292 S.W.2d 413 (Tenn. Ct. App. 1956), the notary affixed his seal to numerous deeds certifying that the <u>bargainors</u> had personally appeared before him. The bargainors were identified in the deed and the certificate as husband and wife, but only one person had ever appeared and he turned out to be an impostor. Despite the fact that the imposter had been identified by a real estate agent with whom the notary frequently did business, the court concluded that the notary's negligence was clear – clearer even than the notary's negligence in *Figuers v. Fly.*

In *Manufacturers Acceptance Corporation v. Vaughn*, 305 S.W.2d 513 (Tenn. Ct. App. 1957), a person appeared before the notary representing himself to be the owner of an automobile. He had the certificate of title in the true owner's name plus a letter of recommendation and a credit card. In addition, the perpetrator of the fraud, with whom the notary was acquainted, and the notary's ex-partner identified the imposter as the owner of the automobile. The court concluded that the notary exercised reasonable care in attempting to identify the person as the one whose name appeared on the title certificate.

In this case, if Mrs. Peltz cannot be believed, there is no evidence of the circumstances under which the notary performed her duties. The notary testified as to her usual practice, but she did not have any specific memory about the transaction. There is no proof, therefore, to rebut the presumption that the notary performed her duties correctly. *In Re Marsh*, 12 S.W.3d 449 (Tenn. 2000).

The appellant, however, attacks the chancellor's decision to ignore Mrs. Peltz's testimony. As we have seen, the chancellor found that she was not a credible witness and that her testimony should be given no weight. As to the chancellor's credibility determination, it is entitled to great weight on appeal. *Rice v. Rice*, 983 S.W.2d 680 (Tenn. Ct. App. 1998); *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959). We have carefully read Mrs. Peltz's testimony and we

---

[1](…continued)
the notary failed to pass the lesser common-law test of a reasonably prudent person. The parties in this case did not address the question of whether the statute has any application to notaries. Therefore, we will not address that question either.

cannot find that the chancellor erred in deciding that she was not credible. Her answers at some points were evasive, and she had to be prodded to admit what she had earlier admitted in her interrogatory answers. Her statement that it was her brother's idea to transfer the property and that she just went along with his wishes has a particularly false ring to it. Therefore, we will not disturb the chancellor's determination about Mrs. Peltz's credibility.

The case against the bank is based on respondeat superior. If the notary was not negligent, the case against the bank also fails.

It results that the chancellor's order is affirmed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings that may be necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.