# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## IN RE EDWARD JAMES CRIM SR., AND JAYNE CRIM;
## EVA M. LEMEH, Trustee v. EMC MORTGAGE CORPORATION

**Rule 23 Certified Question of Law**
**United States Bankruptcy Court for the Middle District of Tennessee**
**Keith M. Lundin, United States Bankruptcy Judge**
**No. 2002-1**

---

**No. 2002-00223-SC-R23-CQ - Filed July 18, 2002**

---

Pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee,[1] this Court accepted certification of the following questions from the United States Bankruptcy Court for the Middle District of Tennessee:

> (a)  Whether the deed of trust was improperly acknowledged under Tennessee law;

> (b) If so, does the defective acknowledgment render the deed of trust void or voidable by a judicial lien creditor or a bona fide purchaser?

Because the acknowledgment does not indicate that the wife was signing on behalf of her husband and because the certificate of acknowledgment does not substantially comply with the statutorily prescribed forms, the deed of trust is null and void as to judicial lien creditors and bona fide purchasers with respect to the transfer of the husband's interest in the property.  Because the acknowledgment of the wife's signature substantially complies with the statutorily prescribed forms, the deed of trust is effective to transfer her right of survivorship in the property and is not voidable by a judicial lien creditor or bona fide purchaser without notice.

### Tennessee Sup. Ct. R. 23 Certified Question of Law

---

[1] "The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee.  This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1.

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ, joined.

Robert H. Waldschmidt, Nashville, Tennessee, for the Appellant, Eva M. Lemeh, Trustee

David B. Herbert and Michael Gigandet, Nashville, Tennessee, for the Appellee, EMC Mortgage Corporation.

## OPINION

### Factual and Procedural Background

This matter arises from a federal bankruptcy proceeding. The debtors in the bankruptcy proceeding are Edward James Crim, Sr., and his wife Jayne Crim, who filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 25, 2001. In her capacity as appointed bankruptcy trustee, Eva M. Lemeh filed an adversary proceeding seeking to set aside a deed of trust executed on June 6, 1997. The defendant in the adversary proceeding, EMC Mortgage Corporation ("EMC"), is the successor in interest of the beneficiary of the deed of trust.

According to the certification order, "[i]t is undisputed that Edward J. Crim, Sr. was not personally present at the [June 6, 1997] signing [of the deed of trust]. It is not disputed that Jayne Crim had authority to sign the deed of trust on behalf of her husband, Edward James Crim, Sr."

The deed of trust, securing a $103,000 debt from Mr. and Mrs. Crim to the predecessor in interest of EMC Mortgage Corporation, contained signature lines for Jayne Crim and Edward J. Crim, Sr. Jayne Crim signed her name on the designated signature line, and on the signature line designated for Edward J. Crim, Sr., Jayne Crim wrote "Edward J. Crim, Sr. POA Jayne Crim." However, as the certification order states, "the notary acknowledgment inaccurately recites that both spouses 'personally appeared.'" The certificate of acknowledgment includes the following language:

> On this 6th day of June, 1997, <u>before me personally appeared Edward J. Crim, Sr.</u> and Jayne Crim, to me known to be the persons described in and who executed the foregoing instrument, and <u>who acknowledged the execution of the same</u> to be their free act and deed. Witness my hand and seal.

(Emphasis added.) The acknowledgment certificate was signed by LeRoy Johnston Ellis, IV, notary public.

The acknowledgment certificate is inaccurate. Edward J. Crim, Sr. did not appear before the notary public, and he did not acknowledge to the notary public his signature on the deed of trust. The certification order does not describe or indicate whether there is any evidence with respect to

the communication, if any, between Jayne Crim and the notary public regarding the signature that Jayne Crim provided on behalf of her husband.

We accepted certification of the following two questions from the United States Bankruptcy Court for the Middle District of Tennessee: (a) Whether the deed of trust was improperly acknowledged under Tennessee law; and (b) If so, does the defective acknowledgment render the deed of trust void or voidable by a judicial lien creditor or a bona fide purchaser? For the following reasons, we hold that the deed of trust was not properly acknowledged under Tennessee law with respect to Edward J. Crim, Sr., rendering his conveyance under the deed of trust null and void as to subsequent creditors and bona fide purchasers. With respect to Jayne Crim, the acknowledgment substantially complies with Tennessee statutorily prescribed forms, and therefore, her conveyance under the deed of trust is not voidable by a judicial lien creditor or bona fide purchaser without notice. However, because Mr. and Mrs. Crim hold the real property at issue in tenancy by the entirety, the deed of trust effectively conveyed only Jayne Crim's right of survivorship.

## Analysis - Question One

A deed of trust is one of several types of instruments eligible for registration in Tennessee. See Tenn. Code Ann. § 66-24-101(8). To be eligible for registration, a deed of trust must satisfy one of two alternative methods for authentication under Tenn. Code Ann. § 66-22-101, which provides:

> To authenticate an instrument for registration, its execution shall be acknowledged by the maker, if the maker is the natural person executing the instrument, or if the maker is another natural person or is a corporation, partnership, or other entity which is not a natural person, by the natural person acting on behalf of the maker or a constituent of the maker, or proved by two (2) subscribing witnesses, at least.

"Any such instruments not so proved, acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn Code Ann. § 66-26-103.

The signature on behalf of Edward J. Crim, Sr. on the June 6, 1997, deed of trust was not proved by two or more subscribing witnesses. Therefore, the only alternative available for authentication of Mr. Crim's signature was the acknowledgment of Mr. Crim's signature by his wife, "the natural person acting on behalf of [Mr. Crim]."

As indicated, the certificate of acknowledgment on the June 6, 1997, deed of trust indicates, falsely, that Mr. Crim personally acknowledged his signature to the notary public. The certificate of acknowledgment does not indicate that Mrs. Crim, as her husband's attorney-in-fact, acknowledged Mr. Crim's signature to the notary public.

In In re Marsh, 12 S.W.3d 449 (Tenn. 2000), this Court held that the omission of the official notary seal from the acknowledgment certificate is a fatal flaw rendering the instrument null and void as to subsequent creditors and bona fide purchasers. In so holding, this Court stated:

> A creditor or purchaser who examines a deed of trust should be able to assume that if it contains an acknowledgment to which a notary's seal is affixed, then it has been properly authenticated and is valid, that is, free from apparent forgery or fraud. . . . A legally registered deed of trust places subsequent creditors and purchasers on constructive notice. Tenn. Code Ann. § 66-26-101 . . . . Therefore, a deed of trust which is improperly acknowledged because it lacks an official notary's seal is not legally registered and is null and void as to subsequent creditors or bona fide purchasers without notice under Tenn. Code Ann. § 66-26-103.

Id. at 453 (emphasis added).

Like the deed of trust in Marsh which was improperly acknowledged because it lacked an official notary's seal, the discrepancy in this case between the certificate of acknowledgment and the signatures on the deed of trust lends uncertainty about the legal effectiveness of the instrument. Indeed, the acknowledgment contains false statements regarding the authentication of the signatures on the deed of trust. The signature for Mr. Crim on the deed of trust indicates that it was made on his behalf by Mrs. Crim pursuant to a power of attorney ("POA"). In contrast, the certificate of acknowledgment indicates that Mr. Crim himself placed his signature on the deed of trust and then personally acknowledged his signature to the notary public. Thus, as in Marsh, noncompliance with a statute, in this instance, Tenn. Code Ann. §66-22-101, is apparent on the face of the instrument as a result of the false statements made in the acknowledgment.

Closely related to the lack of compliance issue is the deficiency in the form of the certificate of acknowledgment on the June 6, 1997, deed of trust. Chapter 22 of Title 66 of Tennessee Code Annotated has three statutes, Tenn. Code. Ann. §§ 66-22-107, 66-22-108, and 66-22-114, which provide forms for certificates of acknowledgment. Each form of certificate of acknowledgment is in one of two categories: (i) for persons acknowledging their signature on their own behalf, or (ii) for persons acknowledging their signature made on behalf of another person or on behalf of a corporation or partnership.

Use of one of the forms of acknowledgment designed for individuals acting on their own behalf is inappropriate in cases in which a signature has been placed in a representative capacity. Pennington v. Webb-Hammock Coal Co., 184 S.W.2d 47, 48 (Tenn. 1944); In re Airport-81 Nursing Care, Inc., 29 B.R. 501 (Bankr. E.D. Tenn. 1983). Such use will usually, as it has in this case, lead to false statements regarding the circumstances in which the acknowledgment was made to a notary public. Jayne Crim signed her name and her husband's name on his behalf. Section 66-22-107(c) prescribes the following form for the certificate of acknowledgment to be used when a person executes an instrument acting by attorney:

State of Tennessee    )
County of _____  )

On this ____ day of ____, 19 ___, before me personally appeared _____, to me known (or proved to me on the basis of satisfactory evidence) to be the person who executed the foregoing instrument in behalf of _____ acknowledged that such person executed the same as the free act and deed of _____.

Rather than incorporating this form of acknowledgment, however, the June 6, 1997, deed of trust includes the following form of acknowledgment prescribed by Tenn. Code Ann. § 66-22-107(b), for persons acting in their own right:

State of Tennessee    )
County of _____  )

On this ____ day of ____, 19 ___, before me personally appeared _____, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that such person (or persons) executed the same as such person (or person's) free act and deed.

As the facts indicate, it is undisputed that Mr. Crim did not appear before the notary public and did not acknowledge his signature on the deed of trust in the presence of the notary. Further, the signatures on the deed of trust clearly indicate that Mrs. Crim signed as attorney for her husband. Thus, the certificate of acknowledgment on the deed of trust does not fully comport with the statutorily prescribed form. Nevertheless, relying upon Tennessee Code Annotated § 66-26-113, which provides that "[t]he unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment . . . shall in nowise vitiate the validity of such deed, but the same shall be good and valid to all intents and purposes, if the substance of the authentication required by law is in the certificate," EMC contends that the certificate of acknowledgment is not defective because it was in substantial compliance with statutory requirements. This Court rejected a similar argument in Marsh, stating:

Tennessee courts have found that when an acknowledgment varies from the statutory form in one respect, but is in compliance with all other statutory requirements, the acknowledgment has substantially complied with the acknowledgment statutes. These cases, however, generally involve a defect in language. Specifically, the language used in the acknowledgment differed from the language required by the statute, or words required by the statute were omitted. Nevertheless, the language used was found to be equivalent to the statutory language or it was determined that the omission of a statutory word or phrase did not substantively affect the acknowledgment.

The defect in the acknowledgment here is more substantial than the simple omission of statutory language or the use of a different, yet equivalent, word. Tenn. Code Ann. § 66-22-110 is clear - a seal is statutorily required for proper acknowledgment. Moreover, this is not a case where another word or phrase could have been substituted as the substantive equivalent of the language required by statute. A seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis.

In re Marsh, 12 S.W.3d at 454 (internal citations omitted).

Similarly, substantial-compliance analysis is not proper in this case. While this Court has held that minor errors in the certificate of acknowledgment do not vitiate the effectiveness of the instrument,[2] the certificate of acknowledgment utilized in this case did not contain simple or minor deviations from the statutorily prescribed form for a signature made by an attorney-in-fact. Instead, the notary failed to use the prescribed statutory form of acknowledgment, with the result that the certificate of acknowledgment contains false statements and indicates a lack of compliance with Tenn. Code Ann. § 66-22-101 and -107(c).

This Court has described the results of a defective certificate of acknowledgment on a deed of trust as follows:

When a notary takes an acknowledgment it "says to the world that the execution of the instrument was carried out according to law."

. . .

A legally registered deed of trust places subsequent creditors and purchasers on constructive notice. In order for an instrument to be legally registered, it must bear evidence of proper acknowledgment. If, however, the deed of trust was improperly acknowledged, and therefore not legally registered, it is only effective between the "parties to the same, and their heirs and representatives." Moreover, a deed of trust "not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchases from, the makers without notice."

In re Marsh, 12 S.W.3d at 453-54 (internal citations omitted). Applying these principles to the facts in this case, we conclude that the June 6, 1997, deed of trust was improperly acknowledged because the acknowledgment contains false statements and fails to follow the statutorily prescribed form.

---

[2] See Manis v. Farmers Bank, 98 S.W.2d 313 (Tenn. 1936) (holding that a notary's error in designating the county in which the instrument was executed did not render the instrument invalid as the acknowledgment and the instrument may be read together to cure the flaw in the acknowledgment); See also In re Medlin, 201 B.R. 188, 192 (Bankr. E.D. Tenn. 1996) (holding that the omission of the date of execution on the acknowledgment did not render it invalid when read in conjunction with the instrument).

## Analysis - Question Two

Having determined that the deed of trust was improperly acknowledged, we must next determine whether the defective acknowledgment renders the deed of trust void or voidable by a judicial lien creditor or a bona fide purchaser. With respect to the transfer of Edward James Crim, Sr.'s interest in the property, we conclude that the deed of trust is null and void as to subsequent creditors or bona fide purchasers without notice under Tenn. Code Ann. § 66-26-103. However, the certificate of acknowledgment indicates that Jayne Crim personally appeared before the notary public and acknowledged her signature on the deed of trust. Thus, the certificate of acknowledgment indicates compliance with Tenn. Code Ann. § 66-22-101 with respect to Jayne Crim's signature entered in her individual capacity. In addition, the certificate of acknowledgment used was the appropriate form prescribed by Tenn. Code Ann.§ 66-22-107(b) for persons signing on their own behalf. Therefore, the deed of trust is legally registered and is valid as to subsequent creditors and bona fide purchasers, insofar as Jayne Crim's interest in the property is concerned.

However, Jayne Crim and Edward J. Crim, Sr., owned the real property in question as tenants by the entirety. With respect to property held in tenancy by the entirety, one spouse, acting alone, can only transfer or encumber his or her right of survivorship. Robertson v. Trousdale County, 516 S.W.2d 626, 632 (Tenn. 1974); Clark v. Clark, 620 S.W.2d 536, 538 (Tenn. Ct. App. 1981), perm. app. denied (Tenn. Aug. 31, 1981). Therefore, the only interest encumbered by the deed of trust in this case is the survivorship interest of Jayne Crim. Thus, EMC has an interest in Jayne Crim's right of survivorship which is not voidable by a judicial lien creditor or bona fide purchaser without notice.

## Conclusion

In response to the first certified question, we conclude that the deed of trust was improperly acknowledged under Tennessee law. In response to the second certified question, we conclude that the defective acknowledgment renders the deed of trust with respect to the transfer of Edward James Crim, Sr.'s interest in the property null and void as to subsequent judicial lien creditors or a bona fide purchaser. The only interest encumbered by the June 6, 1997, deed of trust in this case is Jayne Crim's survivorship interest in the property.

Having answered the certified questions, the Clerk is directed to transmit a copy of this opinion in accordance with Tennessee Supreme Court Rule 23(8). Costs in this Court are taxed to the appellee, EMC Mortgage Corporation.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE