*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0250P (6th Cir.)
File Name: 04a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: RICHARD GLENN BIGGS
and KATHY JEAN BIGGS, a/k/a
KATHY JEAN MELTON,
       *Debtors.*

No. 03-5626

_____

JEANNE BURTON GREGORY,
Trustee,
      *Plaintiff-Appellee,*

*v.*

OCWEN FEDERAL BANK,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 02-00904—Aleta A. Trauger, District Judge.

Argued: June 16, 2004

Decided and Filed: July 29, 2004

Before: SILER, DAUGHTREY, and SUTTON, Circuit
Judges.

_____

## COUNSEL

**ARGUED:** Frank H. Reeves, HIX & GRAY, Nashville, Tennessee, for Appellant. Jeanne Burton Gregory, GIBSON, GREGORY & GWYN, Nashville, Tennessee, for Appellee. **ON BRIEF:** Thomas W. Lawless, WILSON & ASSOCIATES, Nashville, Tennessee, for Appellant. Jeanne Burton Gregory, GIBSON, GREGORY & GWYN, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge. In this bankruptcy case, Ocwen Federal Bank claims that a deed of trust is valid against subsequent purchasers of the property, even though the required acknowledgment omits the names of the individuals purporting to acknowledge their signatures on the deed. The bankruptcy and district courts each held that a deed of trust omitting this information was invalid under Tennessee law, and so do we. We affirm.

I.

On November 6, 1997, Richard and Kathy Biggs (the "debtors") executed a deed of trust on their Tennessee home, securing a $65,000 loan and naming Seacoast Equities, Inc. as the beneficiary. The deed of trust consisted of four pages and contained the following partially completed, standard acknowledgment form on the last page:

STATE OF TENNESSEE     County ss: ***Davidson***

On this   ***6***   day of ***November 1997***, before me personally appeared

[blank]

to me known to be the person(s) described in and who executed the foregoing instrument, and who acknowledged the execution of the same to be  [blank] free act and deed.  Witness my hand and official seal.

My Commission Expires: ***Indefinite***

***(illegible signature and notary seal)***
Notary Public

JA 24 (emphasis added to handwritten words).    On January 12, 1998, Seacoast Equities recorded the deed of trust, then sold its interest in the deed to Ocwen Federal Bank.

On April 9, 2001, the debtors filed a bankruptcy petition under Chapter 7, after which the bankruptcy court assigned Jeanne Burton Gregory to be the trustee.  As trustee, Gregory obtained the rights of "a bona fide purchaser of real property . . . from the debtor [who] has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3).  Believing that the acknowledgment was defective and that her status as a bona fide purchaser gave her a superior interest in the debtors' home under Tennessee law, Gregory filed a complaint in the bankruptcy court to avoid the deed of trust held by Ocwen.

The parties moved for summary judgment, and the bankruptcy court granted Gregory's motion.  In the absence of the debtors' names, the bankruptcy court reasoned, the acknowledgment was "not in substantial compliance [with Tennessee law] and that in order for a notarization to be effective, it must include the names of the people who appear

before the notary." Bankr. Ct. Order Avoiding Lien. Ocwen appealed the decision to the district court, which affirmed. "The omission of the names in the acknowledgment," the district court determined, "cannot be viewed . . . as [a] harmless or minor deviation[] from the standard form language set out in the statutes.  It is at the core of what an acknowledgment is meant to do."  D. Ct. Op. at 5.

II.

In reviewing a bankruptcy decision appealed to the district court, "[w]e accord no deference to the district court's decision [and] review de novo the bankruptcy court's conclusions of law." *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002).

A.

Commonly referred to as the "strong-arm clause," section 544(a) of the Bankruptcy Code allows the trustee to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."  11 U.S.C. § 544(a). More simply, the trustee hypothetically purchases the debtor's property at the commencement of the bankruptcy case, then determines whether it is subject to any valid prior interests.  Here, then, the question is whether Ocwen's deed of trust amounts to a valid prior interest.

To be valid under Tennessee law, a deed of trust must be registered and acknowledged:

Any of such instruments [including deeds of trust] not so . . . *acknowledged* and registered, or noted for registration, shall be null and void as to existing or

subsequent creditors of, or bona fide purchasers from, the makers without notice.

Tenn. Code Ann. § 66-26-103 (emphasis added). "[A]n acknowledgment . . . is the formal statement of the person signing the document that his [or her] signature was freely done." *In re Marsh*, 12 S.W.3d 449, 453 (Tenn. 2000) (quotation omitted).

To facilitate real-estate transactions, the Tennessee legislature has provided statutory forms that fulfill the acknowledgment requirement, and all of the forms require the notary to include the names of the individuals acknowledging their signatures. *See* Tenn. Code Ann. §§ 66-22-107 (individuals), -108 (corporations and partnerships), & -114 (agency relationships). While adherence to the statutory forms guarantees that an acknowledgment will be treated as valid, the Tennessee legislature has said that "no specific form or wording [is] required in such certificate and [] the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words." *Id*. § 66-22-114(b). On top of this general relaxation of the acknowledgment requirement, Tennessee specifically forgives defective acknowledgments that in either "substance" or "intent" comply with the requirement. The first statute, the "substantial compliance" savings statute, reads:

> The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment, or probate of any deed or other instrument, shall in nowise vitiate the validity of such deed, but the same shall be good and valid to all intents and purposes, if the *substance* of the authentication required by law is in the certificate.

*Id.* § 66-26-113; *see also In re Akins*, 87 S.W.3d 488, 492 (Tenn. 2002) (emphasis added). The second statute, the "intent" savings statute, reads:

> Any certificate clearly evidencing *intent* to authenticate, acknowledge or verify a document shall constitute a valid certificate of acknowledgment for purposes of this chapter and for any other purpose for which such certificate may be used under the law. It is the legislative intent that no specific form or wording be required in such certificate and that the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words.

Tenn. Code Ann. § 66-22-114(b) (emphasis added). We consider each savings statute in turn.

B.

Two recent decisions by the Tennessee Supreme Court, *In re Marsh*, 12 S.W.3d 449 (Tenn. 2000), and *In re Crim*, 81 S.W.3d 764 (Tenn. 2002), point the way in explaining why Ocwen fails to satisfy the "substantial compliance" test. *In re Marsh* involved a missing notary seal on an acknowledgment to a deed of trust. In holding that the missing seal rendered the deed of trust void against subsequent purchasers of the property, the court explained the significance of acknowledgments. An acknowledgment "authenticates the due execution of a document and is the formal statement of the person signing the document that his [or her] signature was freely done," and "aids in ensuring that the instrument was not fraudulently executed." *In re Marsh*, 12 S.W.3d at 453 (quotation omitted). A missing notary seal, the court concluded, "is more substantial than the simple omission of statutory language or the use of a different, yet equivalent word . . . . [A] seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis." *Id*. at 454.

*In re Crim* emphasized the importance of identifying the parties who acknowledge the deed. Using a power of attorney, a wife attempted to sign a deed of trust on behalf of

her husband, but the notary used an acknowledgment form saying that both the husband and wife personally appeared before him and acknowledged their signatures. 81 S.W.3d at 766. Building on *In re Marsh*, the court held that "the discrepancy in this case between the certificate of acknowledgment and the signatures on the deed of trust lends uncertainty about the legal effectiveness of the instrument." *Id.* at 768; *see also In re Marsh*, 12 S.W.3d at 453 ("A creditor or purchaser who examines a deed of trust should be able to assume that if it contains an acknowledgment . . . then it has been properly authenticated and is valid, that is, free from apparent forgery or fraud."). "Substantial-compliance analysis is not proper" in a setting like this one, the court reasoned, because "the notary failed to use the prescribed statutory form of acknowledgment, with the result that the certificate of acknowledgment contains false statements and indicates a lack of compliance [with Tennessee law]." *In re Crim*, 81 S.W.3d at 769–70.

As *In re Marsh* and *In re Crim* indicate and as earlier decisions confirm, the authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property—a necessary prerequisite to any free market. *See Figuers v. Fly*, 193 S.W. 117, 120 (Tenn. 1917) ("A certificate of acknowledgment is an act which must in the nature of things be relied on with confidence" by buyers and sellers.). In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend[] uncertainty about the legal effectiveness of the

instrument," *In re Crim*, 81 S.W.3d at 768, and for that reason alone the acknowledgment fails substantially to comply with Tennessee law. The "substantial compliance" test "addresses the unintentional omission of *words* by the officer taking an acknowledgment," *In re Akins*, 87 S.W.3d at 493 (emphasis added), not the unintentional omission of the *names* of the acknowledging individuals.

Ocwen's arguments to the contrary do not hold. *In re Akins*, for example, did not involve the omission of names from the acknowledgment. It involved a failure by the notary to indicate that she was personally familiar with the individual acknowledging the signature. This omission was not fatal, the Tennessee Supreme Court held, because the word "unmarried" next to the individual's name in the acknowledgment indicated that the notary had some familiarity with the grantor. 87 S.W.3d at 495. That *In re Akins* says Tennessee has "relaxed the requirements regarding the extent of a notary's knowledge of the identity of an individual" acknowledging a signature, *id.* at 494, does not mean that Tennessee has relaxed the requirement that the *name* of the individual appear on the acknowledgment. This further step, in our view, would not relax the acknowledgment requirement but remove it altogether.

Chronology alone makes *In re Grable*, 8 B.R. 363 (Bankr. E.D. Tenn. 1980), a suspect basis for reversal. The case predates several recent decisions by the Tennessee Supreme Court on this topic, including *In re Marsh* and *In re Crim*. Even if that were not the case, however, we would not follow the trail marked by the decision. In holding that the omission of names from the acknowledgment was not fatal to the deed of trust, the court relied on the fact that the acknowledgment mentioned "the within named bargainor[s]" and indicated that "they" executed the deed of trust. *Id.* at 365–66. The deed of trust in turn described the debtors, the court held, and that sufficed to establish that the notary adequately identified the individuals acknowledging their signatures. *Id.* at 366. Similarly, Ocwen argues, the form-printed phrase in this

acknowledgment—"to me known to be the person(s) described in and who executed the foregoing instrument"—adequately identifies the debtors as the people whose names can be found on the deed of trust and excuses the failure to include their names on the acknowledgment.

*In re Grable*, however, misapprehends the role of an acknowledgment. To permit the names in the deed of trust to satisfy the names-in-the-acknowledgment requirement is to eliminate the acknowledgment requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who *should* appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a notary. When notaries, however, merely take pre-printed forms and purport to notarize them without stating whose signatures they have notarized and who, if anyone, appeared before them, they not only undermine the Tennessee legislature's salutary purpose in creating statutorily-approved forms but also fail to accomplish the signal reason for having an acknowledgment in the first place. Under Ocwen's reading of Tennessee law, a notary merely could notarize a statutorily-approved form—without filling in a single blank space—and that alone would suffice to satisfy the requirement. Far from being a finicky exaltation of form over substance, the requirement that the grantors' names appear on the acknowledgment is essential to giving the acknowledgment statute the modest substance that the Tennessee legislature thought it deserved.

Nor does it change matters that this pre-printed form not only has a notary's signature on it but a date as well. That date no more establishes that the debtors truthfully and willfully signed the deed of trust than it establishes the date that a real-estate fraud occurred.

The "presumption that a sworn public official has acted lawfully," *Manis v. Farmers Bank of Sullivan County*, 98 S.W.2d 313, 314 (Tenn. 1936), also does not advance

Ocwen's argument. As the Tennessee Supreme Court recognized in *In re Marsh*, the failure to affix a notary seal renders the acknowledgment invalid, even when the parties do not dispute the notary's authority, 12 S.W.3d at 451 n.2, and even though "[t]he acts of a notary public are [] presumed to be performed correctly," *id.* at 453. The presumption applies, in short, when notaries perform the core functions of their job, not when they fail to perform them.

## C.

Ocwen fares no better under the "intent" test. For many of the same reasons that it cannot satisfy the "substantial compliance" test, it fails to satisfy this one as well.

The "intent" test looks to "the intent *of the person signing a document* to properly acknowledge his or her signature." *In re Akins*, 87 S.W.3d at 493 (emphasis added). As *In re Akins* indicates, the statute "requires only that a certificate of acknowledgment clearly evidence the *signer's* intent to authenticate, acknowledge or verify a document," and the acknowledgment in that case "clearly show[ed] *Ronald L. Akins'* intent to acknowledge his signature on the deed of trust." *Id.* at 495 (emphasis added; quotations omitted). The intent at issue, then, goes to the person or persons named in the acknowledgment. Because the notary in this instance named no one in the certificate of acknowledgment and we cannot determine who, if anyone, intended to acknowledge the signatures on the deed of trust, Ocwen cannot satisfy this test.

Conceding that "naming [the individuals] in the acknowledgment is a sufficient—indeed, the best—means of identifying the signers," Appellant Br. at 12, Ocwen repeats its argument that the phrase "the person(s) described in and who executed the foregoing instrument" adequately establishes the debtors' intent to acknowledge their signatures. Other than *In re Grable*, however, Ocwen offers no case support for this argument, and in this setting the

argument has even less to recommend it than it does in the "substantial compliance" setting. Words from a pre-printed form, even words purporting to incorporate a document that the debtors have signed (namely, the deed of trust), do not establish an intent to acknowledge their signatures when their names nowhere appear on the acknowledgment.

No more persuasive is Ocwen's reference to signature guarantees for investment securities under the Uniform Commercial Code. *See* Tenn. Code Ann. § 47-8-306 (describing the warranties made by "a person who guarantees a signature" under various circumstances involving investment securities). Relying on the fact statement of an unpublished Texas Court of Appeals case, *Holmes v. Nationsbank of Texas, N.A.*, No. 05-95-00525-CV, 1996 WL 479640, at *2 (Tex. Ct. App. Aug. 15, 1996), a less than formidable invocation of precedent, Ocwen claims that it is "customary" to omit the name of the person signing the document and merely stamp "signature guaranteed" beneath the signature. But Ocwen offers no explanation why this practice under the Uniform Commercial Code, if indeed it exists, has any bearing on acknowledgment requirements. The Tennessee legislature addresses real estate transfers and investment securities in separate statutory provisions, which not surprisingly contain separate requirements. *Compare* Tenn. Code Ann. § 66-22-107 (prescribing the statutory acknowledgment form for "natural persons acting in their own right," which includes a blank space for the person's name) *with* Tenn. Code Ann. § 47-8-306 (describing various warranties for signature guarantees but failing to provide a statutory form). And the Tennessee Supreme Court has never looked to the requirements of Tennessee Code § 47-8-306 in determining the requirements of an acknowledgment. At all events, if we were to look to decisions involving other States' requirements in this and other areas, we would look to a recent holding from this Court involving Kentucky law and acknowledgments. *See In re Vance*, No. 02-6537, 2004 WL 771484, at *2 (6th Cir. Apr. 8, 2004) (per curiam) ("The notary failed to include [the individuals' names] in the certification. Therefore, the district court was correct in finding that the acknowledgment failed to comport with Kentucky law.").

### III.

For the foregoing reasons, we affirm.